<div style="margin">Addison,<br>Jaunary,<br>1840.<br>——————<br>Administrator<br>of Wentworth<br>*v.*<br>Creditors of<br>Wentworth.</div>

practice which warrants it. The administrators of Hall cannot be compelled to setttle the account of Hall, as administrator of Wentworth, in this court, nor can they here continue the suit which was here pending at his death. By his death all the previous proceedings, which were not perfected by a decree, are vacated. The administrators may find it for the interest of the estate to settle the administration account of their intestate in the probate court, or the sureties of Hall may be in danger. But they cannot be compelled to settle it in this court, in the suit depending at his death.

The citation is therefore dismissed, with the cost of this motion.

ROBINSON & WIGGIN *v.* JOEL DOOLITTLE *et al.*

A debtor paying money, has the absolute, unqualified right to direct its application. If he omit wholly to do so, the creditor may make the application at any time before a controversy arises.

If no express application is directed by the debtor, its intended application may, in many cases, be inferred from circumstances.

When money is paid and no application is made, in either of the above modes, the law will make such application as it deems just and equitable.

This was an action of assumpsit on two promissory notes, both dated the 9th of January, 1837, one for $321,25, payable in six months, and the other for $321,26, payable in nine months from date, with interest, on which several payments were indorsed.

Plea, *non-assumpsit*, and issue joined to the court.

Upon the trial in the county court, the defendants offered evidence tending to prove that Charles H. Doolittle, the first signer and principal in said notes, was in Boston, in October, 1836, and being indebted to the plaintiffs, gave them his note, dated October 15th, 1836, for $833,04, payable on demand, with interest, and at the same time purchased more goods of

the plaintiffs, for which he executed to them another note for $297,01, payable four months from the 15th of October, 1836, without interest ; that, at that time, an agreement was made by the said Charles H. and the plaintiffs, that the said Charles H. should procure and forward to the plaintiffs a quantity of beans, to be sold by plaintiffs, and the proceeds applied on the note for $833,04 ; that in the latter part of November, 1836, the said Charles H. forwarded to the plaintiffs eight tierces of beans, containing from 50 to 60 bushels which were received by the plaintiffs to be disposed of, and the proceeds to be applied as before agreed ; that said Charles H., at the same time, ordered more goods, which were sent him by plaintiffs, to the amount of $97,40 ; that, in the fore part of January, 1837, the plaintiffs forwarded to their attorneys, in Middlebury, the note for $833,04, and the account for goods sold of $97,40, to be secured or collected, and, to secure the debt, the said Charles H. procured the notes now in question, to be executed ; that the notes now in question were given for the balance of the note of $833,04, and the account of $97,40, after deducting $300 that had been previously paid, which note for $833,04, and account for $97,40, were then discharged ; that the said Charles H. at that time, claimed that the proceeds of the beans should likewise be deducted, which plaintiffs refused to do ; that in the month of January, 1837, John T. Doolittle went to Boston, as the agent of the said Charles H., and called upon the plaintiffs, and requested them to apply the proceeds of the beans on the notes now in question ; that the plaintiffs admitted to the said John T. that such proceeds were, by the original agreement, to be applied upon the note for $833,04, but as that note was secured, and as they had no security for the note of $297,01, not then due, they insisted that they had a right, notwithstanding the agreement, to apply the money upon the latter note.

The defendants produced evidence tending to show that the proceeds of the beans and the indorsements on the notes, were sufficient to pay the notes in full.

The plaintiffs introduced testimony tending to show, that, at the time the said John T. Doolitile called on them, in Boston, the beans were not all sold, and that the said note of

ADDISON,
January,
1840.

Robinson &
Wiggin
v.
Doolittle et al.

Addison,
January,
1840.

Robinson &
Wiggin
v
Doolittle *et al.*
$297,01, had become due before the sale of the beans was completed, and that, after the sale of the beans was completed, they applied the nett proceeds of said beans in part payment of said note of $297,01, by indorsing the same on said note.

From the evidence introduced, the county court decided that the defendants had a right to have the proceeds of the beans applied as payment on the notes in question, and that the proceeds and the indorsements upon the notes were sufficient to pay the notes, and rendered a judgment for the defendant.

The plaintiffs excepted to the decision of the county court.

*Starr & Bushnell*, for plaintiffs.

1. It is to be taken, from the facts stated in the case, that the consideration to the plaintiffs for extending the time of payment for the balance of the old note, was, that the avails of the beans, when sold, would be applicable to the note for $297,01, dated Oct. 15, 1836, which became due in February, 1837, and on which they were applied by plaintiffs.

2. Although a debtor who pays money, may, at the time of payment, direct the application between different demands *then due* to his creditor, he has no right to direct the application of funds that may come collaterally to the hands of his creditor, to the payment of a demand, not then due and payable, in preference to a demand due the creditor at the time of the receipt of the money. If C. H. Doolittle had sued the plaintiffs for the avails of the beans, might not the plaintiffs have pleaded in offset, the note for $297,01? The plaintiffs never made any contract, in any form, with the defendants in this suit, in relation to the beans. *Briggs* v. *Williams*, 2 Vt. R. 286. 1 Equity Digest, 369. *Field* v. *Holland*, 6 Cranch's R. 27.

*H. Seymour* argued for defendant, and cited *Hammersley* v. *Knowles*, 2 Esp. Cas. 665. *Newmarch* v. *Clay*, 14 East's R. 239.

The opinion of the court was delivered by

REDFIELD, J.—There is, perhaps, no rule of law of more universal application, than that the person paying money,

may, at the time of payment, direct such application of it as he sees fit. The term, payment, *ex vi termini*, implies that the act is voluntary on the part of the debtor, and, if so, he may annex such conditions to the act, as he sees fit. He must, of course, have the right absolutely and uncondition-ally of making his own application. 2 Starkie's Ev. (6 Ed.) 598, and cases cited, note b. 2 English C. L. 334. 3 Ib. 201. *Hall* v. *Wood*, 4 East, 243, in note. 1 Eng. C. L. 494. But if a payment is made generally, the creditor may, at any time before a controversy arises, I apprehend, make such application as he sees fit. *Mayor of Alexandria* v. *Patton*, 4 Cranch, 317. *United States* v. *Kirkpatrick et al.* 9 Wheaton, 720. But there are many cases where no express application is directed by the debtor, and still the circumstances in the case show, most conclusively, what must have been his intention. Where this intention is so evidenced, it must always prevail. *Mayor of Alexandria* v. *Patton, ubi supra.* *Tayloe* v. *Standiford,* 7 Wheaton, 13. *Hicks* v. *Bingham,* 11 Mass. 300. *Peters* v. *Anderson,* 5 Taunton, 596, S. C. 1 Eng. C. L 201. *Marryatts* v. *White,* 3 Eng. C. L. 265. The last case cited, was tried at *nisi prius,* before Lord Ellenborough, and, in principle, is much like the present case, but far less favorable for the defendants. See, also, *Newmarch* v. *Clay,* 14 East, 239.

There is still another case, which not unfrequently occurs, where neither party makes any application of payments until a controversy arises. In cases of this character, the law will make such application as it deems equitable. *Cremer* v. *Higginson,* 1 Mason, 323. In equity, it is said, the application will, in such cases, be made to those debts where the security is most precarious. *United States* v. *January et al.,* 7 Cranch, 572. *Field et al.* v. *Holland et al.,* 6 Cranch, 8. In the case of *Gwinn* v. *Whitaker,* Har. & Johnson, 754, it is said, the law will make such application of money paid, and not appropriated by either party, as will be most beneficial to the debtor. I should consider this latter rule more in accordance with the principles of natural justice and equity, and more correspondent with other established principles upon the same subject, than the doctrine of the cases from the

*margin:* Addison, January, 1840.

Robinson & Wiggin v Doolittle *et al.*

6th and 7th Cranch, just alluded to. From what has been said, it will appear very obvious that the present case was correctly decided.

Judgment affirmed.