## H. H. BAILEY *v.* HIRAM DANFORTH.

*Statute of Limitations. Indorsement on Note, Gen. Sts. c.* 63, *s.* 27, (*R. L. s.* 975.)

1. An indorsement upon a note, not in the handwriting of the party making the payment, is *some*, though not *sufficient* proof under the statute. Its weight, as evidence, depends upon the fact, whether it was made *long before, or after*, the statute had run on the note ; whether *for*, or *against, the interest* of the owner of the note, to have made it.
2. Statute of Limitations, Gen. Sts. c. 63, s. 27, (R. L. s 975) indorsement—construed.

HEARD on the report of a referee, at the September Term, 1877. ROYCE, J., presiding, rendered judgment, *pro forma*, on the report for the plaintiff. The referee found: . . . . The plaintiff declared upon a promissory note ; plea, Statute of Limitation ; replication, part payment. No question was made about the execution and delivery of the note to one Phillip Bailey, in his lifetime ; and he afterwards gave the note to the plaintiff. There was no testimony in the case tending to show in whose handwriting the indorsement of three dollars on this note, under date of October 22d, 1870, was made, unless there is a presumption that it was made by either the holder or the maker of the note. The defendant testified that he did not make said indorsement ; and I find he did not ; and the plaintiff testified he did not know in whose handwriting it was ; but the plaintiff testified

he should say it was not in Phillip Bailey's handwriting; and the plaintiff further testified that the indorsement was on the note when he took it. If the court should be of the opinion that said indorsement is evidence tending to show part payment upon the note though not sufficient evidence of such payment, I find there is due the plaintiff from the defendant the sum of $201.45, computing interest to September 11th, 1877; but if the court should be of the opinion that the said indorsement has no tendency to prove part payment and was not admissible for that purpose, I find the defendant is entitled to his costs.

Phillip Bailey, the payee of the note, died August 6th, 1873. How long prior to his death he gave the note to his grandson, the plaintiff, did not appear. The indorsement in question was on the note when the plaintiff received it. . . . . .

*Edson, Rand & Cross* and *A. D. Tenney,* for the plaintiff.

The question is one of payment. *Evans* v. *Smith,* 34 Me. 334. The presumptions are that the indorsement was made when it bears date. *Smith* v. *Battens,* 1 Moody & Rob. 341. The indorsement having been made before the statute had run, and when it was against the interest of the party, is *evidence,* though of itself, *not sufficient. Bradley* v. *James,* 76 Eng. Com. Law, 822; *Coffin* v. *Buckman,* 3 Fairfield (Me.), 471; *Howe* v. *Sanders,* 38 Me. 350; *Waterman et at.* v. *Barbruck,* 8 Met. 352.

*George A. Ballard,* for the defendant.

In whose handwriting is the endorsement? The referee says he finds it was not in the handwriting of the defendant, or person to be bound by it. The referee does not find any other evidence of payment, and by the report, it will be seen that the plaintiff does not think it in the handwriting of Phillip Bailey. Section 27, c. 63, Gen. Sts. 445.

What presumption from the facts found can there be of payment? the only presumption that can be made, is, that the note has been tampered with. Presumptions must always rest upon acknowledged or well-established facts, and cannot be based upon presumptions. *Richmond* v. *Aiken,* 25 Vt. 324; *Hammond* v. *Smith,* 17 Vt. 231.

The opinion of the court was delivered by

Ross, J. The question submitted to the County Court by the referee is, whether the indorsement upon the note can legally be considered as evidence tending to show part payment upon the note, though not of itself sufficient evidence of such payment. If it can be legally considered as having such tendency, he finds the bar of the Statute of Limitations removed, and that the plaintiff is entitled to recover; but if it cannot be legally considered as having such tendency, he finds that the defendant is entitled to recover. The statute, Gen. Sts. c. 63, s. 27, is in substance that no indorsement or memorandum of a payment written or made upon a promissory note, unless in the handwriting of the party making the payment, shall be deemed *sufficient* proof of the payment to take the note out of the operation of the statute of limitations. The language used implies that such indorsement may be weighed in determining whether such payment has been made on the note, though of itself not sufficient to establish the payment. This we think is the construction to be placed upon the statute. It is intended thereby to cut off the establishment of the payment from the indorsement alone, unless proved to be made in the handwriting of the party making the payment. Other evidence must be before the trier tending to establish such payment, to enable him to find the fact that such a payment had been made. It is apparent that the weight to be given to such an indorsement would depend very much upon the circumstances surrounding the transaction, such as whether made in due course of business, before or after the statute had run. If the maker of the note should deny the making of the claimed payment under oath, and the holder of the note should swear to the making of the payment, and that he immediately made the indorsement, and the payment and indorsement were at a time when it would be against the interest of the holder of the note, because long before the statute had run upon the note, it might be entitled to very considerable weight in determining which party was right. If, on the other hand, the claimed payment and indorsement were after the statute had run on the note, and so made when for the interest of the holder of the note, the indorsement would be entitled to less

weight; and under peculiar circumstances perhaps to no weight at all. The weight to be given to the fact of indorsement must, in each case, be left to the determination of the trier, as well as how much other evidence in connection with it is required to establish the payment, and so operate to remove the apparent statute bar. In this case it was not shown in whose handwriting the indorsement was, but being made before the statute had run upon the note, and so against the interest of the holder, it was not to be wholly disregarded and rejected by the referee for that reason alone. The referee has not disclosed what other evidence was before him to aid in establishment of the payment claimed to be evidenced in part by the indorsement. We are to presume it was sufficient, in connection with the indorsement, to justify his finding. This is the sole question on which the referee made his decision of the case to turn. What he otherwise reported as to an offer at one time to pay the note, and the question attempted to be raised thereon, it is immaterial to consider.

The judgment of the County Court is affirmed.