ELISHA P. CLEAVELAND v. ALFRED DINSMORE.*

*Endorsement.    Statute of Limitations.    Referee, duty of, as to Finding Facts.*

The question was whether the Statute of Limitations was a bar to an action on a note, and the case having been referred; *Held*, that an endorsement standing alone was not sufficient proof; that it was the duty of the referee to find and report whether or not the endorsement expressed a voluntary payment on the note; and having failed to so find, that the case be recommitted.

ASSUMPSIT upon a promissory note.    Pleas, general issue and Statute of Limitations.    Heard on a referee's report, September Term, 1885, ROYCE, Ch. J., presiding.    Judgment for the defendant.    The case appears in the opinion.

*Farrington & Post*, for the plaintiff.

*Edson, Cross & Start*, for the defendant.

The opinion of the court was delivered by

POWERS, J.    The vital question in the case is whether the 4th or 5th endorsements upon the note in suit express valid payments thereon so to bar the running of the Statute of Limitations.

An endorsement standing alone is not under our statute suf-

ficient proof of an actual payment. But affirmative proof may be adduced which will verify it as a valid payment and remove the bar.

The evidence tended to show that both endorsements covered voluntary payments by the defendant upon the note, but the referee does not say whether they were such or not. This is a question of fact for the referee to decide, and he cannot return the evidence to the court and compel the court to find the facts.

The referee is paid by the State to determine the facts. He may refer any question of law arising thereon to the court. But the court should have his finding as the basis of its action, precisely as in case of a verdict by a jury.

Here the questions of fact are, was the four dollars and a half a voluntary payment upon this note, and was it understood by the defendant that the use of the rake was to be applied on the note. In other words, does either of said endorsements cover an intended payment on this note.

As the case is not ripe for any action of the court the judgment is *pro forma* reversed, the cause remanded, with directions to recommit the same to the referee to complete the work assigned him.