## SARAH LAWRENCE v. E. A. GRAVES' ESTATE.

*Evidence. Bills and Notes. Statute of Limitations.*

1. An indorsement upon a note, though not in the handwriting of the payor, is some, but not sufficient evidence of payment, and may be weighed in determining whether a payment in fact had been made, as bearing upon the Statute of Limitations.

2. The party who made the indorsement was properly allowed to testify to the circumstances attending the making of it.

3. Error cannot be predicated upon the improper answer given by a witness to a proper question; thus, when the questions were pertinent to elicit evidence showing that a payment had in fact been made as appeared by an indorsement, error cannot be predicated on an answer, even if it contravenes the statute,— R. L. s. 1002—which excludes a living party when the other party is dead.

APPEAL from the Probate Court for the district of Manchester. The plaintiff's declaration consisted of the common counts in assumpsit and a special count upon a promissory note for $700, dated March 5, 1873, signed by the deceased, E. A. Graves. Pleas, general issue and Statute of Limitations. Trial by jury, June Term, 1887. Ross, J., presiding. Verdict for the plaintiff.

As circumstances tending to show a payment at the time of said indorsement, evidence was admitted that Mr. Graves prior to the date of the indorsement spoke of being indebted to the Lawrences; that, at one time, he said he owed the plaintiff and had been down to pay her, &c. But there was no witness who testified to the payment of this money as indorsed upon the note. The testimony also tended to show that Franklin E. Lawrence, a brother of the plaintiff, also held a note against Mr. Graves, that came from his father's estate, and that Ralph Graves, a son of E. A. Graves, and who lived with him, also was indebted to the plaintiff upon another note.

Said Franklin E. Lawrence was called as a witness by the plaintiff, and testified that the indorsement upon the note in

42

question was his (the witness') handwriting, and that Mr. Graves (the deceased) was not present when it was made, and that he never had any conversation with Mr. Graves upon the subject. The plaintiff's counsel then asked the witness this question : " How came you to put that indorsement on there ?" The defendant objected to the question, and the plaintiff's counsel modified it as follows : Q. " Now, you may state why you put this indorsement upon the note,—without stating any conversation that took place between you and Sarah—state what enabled you to put it on—why you put it on." Objected to by the defendant. Admitted by the court and the defendant excepted. Answer. " On the 23d of August, I went to my sister's and my sister brought me $10. I gave her the key to the desk and she went into the sitting-room where the desk was, and she came out with her note and mine, and $10. I took the ten dollar bill and gave her back $5, and indorsed $5 on my note and $5 on this note." The defendant excepted to the answer.

The counsel for the plaintiff then made the following offer in the presence of the jury : " I offer to show by this witness that at the time he went to his sister's, on the 23d of August, and when she brought him the two notes and the $10, as he has stated, she then told him that Mr. Graves had been there, and that the money came from him,—$5 of the ten to apply on this note."

J. G. *Martin* and J. C. *Baker*, for the defendant.

The plaintiff seeks to avoid the statute by a new promise arising from an alleged payment of $5 on August 22, 1883. As evidence to establish the fact of payment, she offered an indorsement upon the note, in the handwriting of F. E. Lawrence, and against objection it was admitted. The indorsement was not a new promise. It was made by the procurement of the plaintiff. Section 975, R. L., is intended as a restriction upon evidence and not an enlargement. We claim the only force of this section is to make the payment sufficient to remove

the statute bar, but the indorsement is not proof of the fact of payment. The evidence contravenes the statute, R. L. ss. 1000–2–3.· Sarah Lawrence could not be admitted to testify to the fact of this payment. But what was used as evidence was a memorandum made by a third person who knew nothing of the fact except what she told him.

*Batchelder & Barber* and *H. K. Fowler*, for the plaintiff.

This indorsement with the other evidence was admissible as tending to show a payment. *Bailey* v. *Danforth*, 53 Vt. 504. If the indorsement was admissible, the testimony of F. E. Lawrence was legitimate. All facts upon which any reasonable presumption or inference can be founded as to the truth or falsity of the issue, are admissible in evidence. *Richardson* v. *W. & R. Turnpike Co.* 6 Vt. 496 ; *Kimball* v. *Locke,* 31 Vt. 683 ; *Cleaveland* v. *Dinsmore,* 59 Vt. 436.

Again, we say that the circumstances attending the making by witness of this indorsement as given in his testimony are admissible as a part of the *res gestœ*. Greenl. Ev. 128 ; *Barber* v. *Bennett,* 58 Vt. 476 ; *Bank of Woodstock* v. *Clark,* 25 Vt. 308 ; *State* v. *Howard,* 32 Vt. 380 ; Stark. Ev. 85.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action of assumpsit, in which the appellant claimed to recover the amount due upon a promissory note dated March 5, 1873, signed by the said E. A. Graves and made payable to Russell Lawrence, the father of the plaintiff, or bearer, in one day after date, with interest annually. In the settlement of her father's estate the plaintiff became the owner of the note. The defence relied upon was the Statute of Limitations.

There were three indorsements on the note, one dated March 11, 1874, one May 22, 1878, and one of $5, dated August 22, 1883. No question was made about the first two, but the defendant denied that the third indorsement represented an actual payment, and it not being in the handwriting of E. A.

Graves, he objected to its being received as evidence. The court admitted it in connection with the other evidence in the case as a circumstance tending to show an actual payment, and the defendant excepted to that ruling.

The decision made in *Bailey* v. *Danforth*, 53 Vt. 504, we regard as decisive of the question presented by this exception. There, as here, the action was brought to recover upon a promissory note, and the defence made was the Statute of Limitations. There was an indorsement of $3.00 made upon the note within six years of the commencement of the action, and the plaintiff offered said endorsement as evidence tending to show part payment of the note. It did not appear that the indorsement was made by the holder or payee of the notes but it was used in evidence for the purpose for which it was offered ; and the court say that such an indorsement may be weighed in determining whether payment has been made, though of itself not sufficient to establish the payment.

It appeared that the indorsement on the note was made by Franklin E. Lawrence ; and the plaintiff was allowed, subject to the objection and exception of the defendant, to put the following question to Lawrence : " Now you may state why you put this indorsement upon the note without stating any conversation that took place between you and Sarah. State what enabled you to put it on—why you put it on." The question did not call for any conversation that he had with the plaintiff at the time the endorsement was made and the answer given did not embrace any such conversation ; but in stating the circumstances attending the making of the indorsement he stated what the plaintiff did in the matter of receiving the $5.00 that were indorsed. And he also stated, subject to a like objection and exception, that he made the indorsement by the direction of the plaintiff. The witness had testified that he made the indorsement, and the question put to him called for an explanation as to why he made it.

It was allowable to show what transpired at the time the indorsement was made. *Barber* v. *Bennett*, 58 Vt. 476. The

indorsement as we have seen, was evidence, but standing alone, not sufficient evidence, of a payment. It was incumbent on the plaintiff to introduce other evidence tending to show that such a payment was in fact made as appeared by the indorsement; and what took place at the time the indorsement was made would be pertinent evidence upon the question whether such payment was made. The questions put to the witness were proper and appropriate to elicit that information.

But it is claimed that the answers given by the witness contravened secs. 1002 and 1003 of R. L., which exclude the testimony of living parties when the other party is dead.

Without considering whether the answers were such as claimed, it is sufficient to say that error cannot be predicated upon an improper answer to a proper question. *Tracy* v. *Gusha*, 59 Vt. 257; *Houston* v. *Russell*, 52 Vt. 110. For, as is said by Judge POLAND in *Randolph* v. *Woodstock*, 35 Vt. 291, "If every trial in the course of which some witness, either by ignorance or design, makes some remark which is not proper evidence, must be regarded as a mistrial, very few verdicts could stand."

The judgment is affirmed.