ROBERT J. McDOWELL *v.* THOMAS McDOWELL'S ESTATE.

May Term, 1903.

Present: TYLER, MUNSON, START, STAFFORD and HASELTON, JJ.

Opinion filed August 6, 1903.

*Note—Limitations—Payment—Proof of—Application—Services
—Presumption.*

An indorsement on a note, in the handwriting of the payee, is evidence
of such payment, though made after the statute has run.

The admission of certain items of credit on the claimant's book was
not error, since the defendant was not harmed thereby.

That the debtor had money which the creditor knew of is not evidence
tending to prove payment, in the absence of evidence that the
creditor was in pressing need.

It was not error to refuse to charge that the payments must have been
made with intent to have them applied on the note, since the cred-
itor might make the application if the debtor did not.

26

Evidence tending to show that a disputed indorsement was for the
value of certain property "which the plaintiff had of the defend-
ant" is, in the circumstances, sufficient to warrant a finding that
it was had by way of bargain and sale.

The inference that labor was performed upon expectation of payment
is never rebutted by the mere fact of the relationship of the
parties, but special conditions which bear upon their dealings are
required.

APPEAL FROM COMMISSIONERS.   Declaration, general as-
sumpsit.   Pleas, the general issue, payment, and statute of
limitations.   Trial by jury at the December Term, 1902, Cal-
edonia County, *Watson,* J., presiding.   Verdict and judg-
ment for the claimant.   The defendant excepted.

*May & Simonds* and *B. E. Bullard* for the defendant.

The plaintiff was bound to show that the payments were
voluntary and made with the intent that they should be ap-
plied on this note. *Austin* v. *McClure,* 60 Vt. 453; *In re
Bryant's Est.,* 73 Vt. 240; *Terrill* v. *Deavitt,* 73 Vt. 188.

The indorsement in the handwriting of the claimant
should not be held to be evidence of such payment.   V. S.
1216.

The indorsement of the cedar should be disregarded.   The
evidence shows that the cedar was cut without right. *Davis*
v. *Smith,* 48 Vt. 52.

The book credits should have been excluded. *Lapham*
v. *Kelley,* 35 Vt. 195; *Paris* v. *Bellows,* 52 Vt. 351; Jones Ev.,
s. 583; *Oberg* v. *Brien,* 5 N. J. L. 145.

The evidence that Thomas McDowell had money in the
savings bank, which the plaintiff knew about, should have been
received. *Huse* v. *Preston,* 51 Vt. 245; *Downer* v. *Bowen,*
12 Vt. 452; *Kimball* v. *Lake,* 31 Vt. 683; *Kirkaldie* v. *Paige,*
17 Vt. 262; *Buzzell* v. *Willard,* 44 Vt. 44; *State* v. *Hopkins,*

50 Vt. 316; *Bedell* v. *Foss,* 50 Vt. 94; *Landall* v. *Preston,* 52 Vt. 198; *Houghton* v. *Clough,* 30 Vt. 312.

*Dunnett & Slack* for the plaintiff.

The indorsements were evidence of payment. *Bailey* v. *Danforth,* 53 Vt. 504; *Lawrence* v. *Graves' Est.,* 60 Vt. 657.

The book items were properly admitted. *Greene* v. *Mills' Est.,* 69 Vt. 440; *Hunter* v. *Kittredge's* Est., 41 Vt. 359; *Bacon* v. *Vaughn,* 34 Vt. 73.

The evidence of the savings bank deposits was properly excluded. It was not shown that the claimant was in need of money. *Strong* v. *Slicer,* 35 Vt. 40; *Stone v. Tupper,* 58 Vt. 409; *Atwood* v. *Scott,* 99 Mass. 177; *Morrison* v. *Collins,* 127 Pa. St. 23; *Xenia Bank* v. *Stewart,* 114 U. S. 224.

The circumstances of this case are not such as to rebut the presumption that the services of the grandson were to be paid for. *Parker* v. *Parker,* 33 Ala. 459; *Markey* v. *Brewster,* 10 Hun, 15; *Marion* v. *Farnan,* 68 Hun, 383; *Bell* v. *Moon,* 79 Va. 341.

MUNSON, J. This was an appeal from the decision of commissioners appointed by the Probate Court for the adjustment of claims. The claim presented consisted of a promissory note bearing several indorsements in the handwriting of the payee, and certain charges upon book against which various sums had been credited. The pleas included payment and the statute of limitations.

The defendant excepted to the admission of the last two indorsements, and to the failure to charge that both payments must be established to permit a recovery on the note. The Court received and submitted these indorsements as evidence tending to show payment, but not as evidence sufficient in it-

self to establish payment; and charged that the plaintiff could recover upon a finding of the payment evidenced by the last indorsement. But if the payment indicated by the preceding indorsement was not found, the note was barred by the statute when the last indorsement was made, and the defendant contends that an indorsement made by the payee upon a note already barred is not evidence. It is said that an indorsement so made is a declaration in the payee's own interest, and that V. S. 1216 ought not to be held to authorize the use of a self-serving declaration. But this provision was passed upon in *Bailey* v. *Danforth,* 53 Vt. 504, and it was then considered, upon a full recognition of the distinction regarding the payee's interest, that an indorsement not written by the payor is evidence, whether made before or after the statute has run. We see no occasion to depart from this holding.

The plaintiff was a witness so far as to prove in whose handwriting his charges were. V. S. 1239. He produced his account with the deceased, and testified without objection that it was in his handwriting, and that both debit and credit items were made at the time of the transactions to which they related. The account was then received in evidence against the defendant's exception, and it is now insisted that the items of credit should have been excluded. It is not necessary to inquire how the matter is affected by the section referred to. The credits were not needed to save the charges from the statute of limitations, and the defendant cannot have been harmed by the fact that they were before the jury.

It was not error to exclude defendant's offer to show that the deceased had money on deposit to the plaintiff's knowledge. The evidence held to have been properly received in *Strong* v. *Slicer,* 35 Vt. 40, was evidence given by the defendant of the pecuniary condition of both the plaintiff and himself. If this

offer had included the further element that the plaintiff was in pressing need, the case referred to would have been in point. But the mere fact that the debtor has money which the creditor knows of is not evidence tending to prove payment.

The defendant was not entitled to a charge that the payments must have been made with an intent to have them applied on the note. If the money or other property was delivered by way of payment, without directing its application, the creditor could apply it upon any claim that was due, whether barred by the statute or not. 2 Am. & Eng. Ency. Law (2 Ed.) 438; and see *Early* v. *Flannery,* 47 Vt. 253; *Hicks' Est.* v. *Blanchard,* 60 Vt. 673; *Sanborn* v. *Cole,* 63 Vt. 590.

The evidence tended to show that the first of the disputed indorsements was for the value of some cedar cut by the plaintiff on land of the deceased. The defendant insists that there was no evidence, other than the indorsement, tending to show that the cedar was a proper subject of charge, and that it was error to leave this indorsement to the consideration of the jury. The deceased and the plaintiff were father and son, but were living in different places, with distinct properties and business interests. The case says the evidence tended to show that this was cedar "which the plaintiff had of his father in 1896." This language points to an understanding between them rather than to a trespass, and their independent relations suggest a business understanding rather than a gift. So there were circumstances in the case from which the jury might properly be permitted to infer that the transaction was one of bargain and sale.

The defendant requested an instruction that the plaintiff could not charge the deceased for services rendered by his minor son under a contract made with the son, without showing that the deceased had promised to pay him. The request

seems to have been based, notwithstanding some inconsistent language, upon a claim that the relationship between plaintiff and deceased was sufficient to rebut the ordinary inference of an expectation of payment. But this inference is never rebutted by the mere fact that the parties to the transaction are parent and child. There is nothing in the case that indicates the existence of any special condition that bore upon the dealings of the plaintiff and his father. In fact, the original arrangement regarding the plaintiff's son shows that there was none. The deceased first hired the plaintiff's son for a month by express contract with the plaintiff at a stated compensation, and the disputed charge is for a second month during which the son continued to work under an arrangement between his grandfather and himself. The question presented is simply that of a father's right to recover for the services of his minor son.

*Judgment affirmed.*