JAMES CRAHAN *v.* TOWN OF CHITTENDEN AND FREDERICK MANNING.

May Term, 1909.

Present:   ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 6, 1909.

*Taxation—Collection of Taxes—Tax Deed—Validity—Tax Collector Bidding at His Own Sale—Effect—Limitations—Evidence—Indorsement on Note—Effect—Mortgages—Conditional Deeds—Ouster of Mortgagee by Mortgagor—Bill of Exceptions—Construction—Offered Evidence—Too General.*

In an action of ejectment, where defendants claimed title under a tax deed, and no exception was taken to the holding of the trial court that, because a certain quadrennial appraisal was not seasonably filed, the quadrennial list of that year, and the resulting grand lists of the two succeeding years, together with the assessment and collection of taxes thereon, were invalid, it follows that the Supreme Court must hold invalid a tax sale based on one of those assessments.

Where a tax collector, conducting, through an auctioneer, his own sale at public auction of real estate for unpaid taxes, himself bid off the property at the request and in behalf of an absent person, but without announcing that agency, the sale, and the collector's subsequent tax deed to the absent purchaser, were void, although there were other and lower bids.

The mere fact that a note bears an indorsement of a payment thereon, without any evidence tending to show to whom, or by whom, the payment was made, or who wrote the indorsement, is not sufficient to prevent the running of the Statute of Limitations.

A warranty deed of real estate, conditioned for the payment of certain promissory notes, is in legal effect a deed and mortgage back securing the notes.

Though, after condition broken, the mortgagee of real estate becomes at law the absolute owner thereof, his right of entry is lost by an ouster continued for fifteen years; and that is accomplished where, for fifteen years after condition broken, the mortgagor continued

in possession of the mortgaged property, with no acknowledgment of the existence of the mortgage indebtedness, by part payment or otherwise.

Where defendant offered evidence as recited in six different clauses of the bill of exceptions, which states that the exception saved was to the rejection of "all of which offers," the fair construction is that they were all offered at the same time; and, therefore, the exception is not available if any part of the offered evidence was properly excluded.

The offers to show merely that the signature to a certain deed in issue "was obtained by duress," and that the deed "was obtained by undue influence and fraud," were properly excluded, because not specifying the particulars constituting the claimed duress and undue influence and fraud.

EJECTMENT. Plea, the general issue. Trial by court at the March Term, 1908, Rutland County, *Taylor, J.,* presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Charles L. Howe* for the defendant.

Defendant's evidence offered to show that the deed was obtained by fraud and undue influence, and by duress, was improperly excluded. *Smith* v. *Ward,* 1 Am. Dec. 80, and note; *Schrader* v. *Decker,* 49 Am. Dec. 516; *Heeton* v. *Glasgow,* 21 Am. Rep. 46; *Strauch* v. *Hathaway,* 40 Am. Rep. 193; *Baker* v. *Sherman & Miller,* 73 Vt. 26.

Ejectment cannot be maintained by the grantee of the mortgagor against the assignee of the mortgagee in possession after condition broken. *Jackson* v. *Delancy,* 7 Am. Dec. 403; *Den* v. *Wright,* 11 Am. Dec. 546; *Bryan* v. *Brasins et al.,* 126 U. S. 415; *Hager* v. *Brainard et al.,* 44 Vt. 294; *Fuller* v. *Eddy,* 49 Vt. 11; *Guernsey* v. *Kendall,* 55 Vt. 201; *Hamblet* v. *Bliss,* 55 Vt. 535.

*Marvelle C. Webber* and *Thomas H. Browne* for the plaintiff.

Sales of lands for taxes are proceedings *in invitum.* It is a condition precedent to the transfer of the title that all the pro-

ceedings in assessing and collecting the tax and in recording the proceedings, whether to be performed before or after the sale, should be in strict compliance with the requirements of the statute. *May* v. *Wright,* 17 Vt. 97; *Cummings* v. *Holt,* 56 Vt. 384; *Downer* v. *Tarbell,* 61 Vt. 530; *Judevine* v. *Jackson,* 18 Vt. 470; *Taylor* v. *French,* 19 Vt. 49; *Brush* v. *Watson,* 81 Vt. 43.

The tax sale was invalid because the property was bid off by the tax collector at his own sale. *Chandler* v. *Moulton,* 33 Vt. 245. And this is not aided by the fact that he was acting as agent for another. *Chandler* v. *Moulton,* 33 Vt. 245; *Payson* v. *Hall,* 30 Me. 319; 25 Am. & Eng. Enc. 712, note 5, 713, note 1.

A mortgagee, either in or out of possession, may not acquire, as against the mortgagor, a tax title to the mortgaged premises. *Hall* v. *Westcott,* 15 R. I. 373; *Maxfield* v. *Willey,* 46 Mich. 252; *Moore* v. *Tilman,* 44 Ill. 367; *Burchard* v. *Roberts,* 70 Wis. 111; *Middletown Sav. Bank* v. *Bacharach,* 46 Conn. 525. Therefore if Parker was a mortgagee of the property in question, he could not acquire title to it through the tax sale as against Ager, and consequently could not convey title to it to the defendant.

If the deed in question was procured by fraud, or duress, or undue influence, that could be taken advantage of only by the injured party or his privy, and not by a stranger as was here attempted. 22 Cyc. 1175; *Hunt* v. *Weir,* 4 Dana (Ky.) 347; *Hunt* v. *Rabitoay,* 125 Mich. 137, 84 Am. St. Rep. 563; *Ingraham* v. *Baldwin,* 9 N. Y. 45, 12 Barb. 9; *Wagner* v. *Harriott,* 10 N. Y. 709; *Kilbee* v. *Myrick,* 12 Fla. 419, 11 Am. & Eng. Enc. 149, note 1; 4 Wig. on Ev. §2423; *Stuart* v. *Fleet,* 59 Vt. 144; *Allen* v. *Allen,* 76 Vt. 189; *Richardson* v. *Boright,* 9 Vt. 368; *Bigelow* v. *Kenney,* 3 Vt. 353; *Bromley* v. *School Dist.,* 47 Vt. 381; *Riley* v. *Carter,* 19 L. R. A. 489, and note; *Atwell* v. *Jenkins,* 163 Mass. 362; *Bensell* v. *Chancellor,* 34 Am. Dec. 561; *Allen* v. *Berryhill,* 1 Am. St. Rep. 309; *Aetna Life Ins. Co.* v. *Sellan,* 77 Am. St. Rep. 481; *Carrier* v. *Sears,* 4 Allen 336; *Mansfield* v. *Gordon,* 144 Mass. 168; *Austin* v. *Seminary,* 8 Met. 196; *Blake* v. *Howe,* 1 Aik. 306; *Bell* v. *Johnson,* 111 Ill. 374; *Marshall* v. *Joy,* 17 Vt. 546; *Marvin* v. *Schilling,* 12 Mich. 356; *Field* v. *Seabury,* 19 How. 323; *Wells* v. *Cook,* 16 Ohio St. 67.

WATSON, J. This is an action of ejectment to recover certain lands in the town of Chittenden. The plaintiff claims title

through a quitclaim deed from A. S. Ager and wife, dated the 29th of June, 1905. Ager purchased the property February 28, 1870, from William Creed, taking title thereto by warranty deed conditioned for the payment of certain promissory notes. From that time Ager and his wife occupied the premises continuously as a homestead without interruption until possession was taken by the defendants in this action, prior to the date of the writ, since which time defendants have held possession thereof.

The defendants claim title under a tax deed from Charles H. Churchill, collector of taxes for defendant town, to Nelson D. Parker, dated May 29, 1905, and by quitclaim deed from Parker to the town, dated July 17, 1905; the town also claims an interest in the premises as assignee of a certain mortgage thereon to Parker, and as the holder of one of the promissory notes mentioned in the conditional deed from Creed to Ager.

The land in question consists of twenty-two and one-half acres sold May 28, 1904, for taxes as follows: five acres for the tax of 1899, six and one-half acres for the tax of 1900, six acres for the tax of 1902, and five acres for the tax of 1903.

The trial court found that the quadrennial appraisal for the year 1902 was not seasonably filed, and that this appraisal entered into the grand lists of the years 1903 and 1904. For which reason the quadrennial list of 1902, and the grand lists of 1903 and 1904 were held to be invalid, as were also the assessment and collection of taxes for those years. No exception was taken to this holding. It follows that the sale of the five acres of the land in question for the taxes of 1903 was invalid.

The seventeen and one-half acres sold for the taxes of 1899, 1900, and 1902, were knocked down to Charles H. Churchill as purchaser, on his bid for Nelson D. Parker, Churchill having been requested by Parker to purchase the land in case he (Parker) was not present at the time of the sale. It was not announced at the time that the bid was made for Parker, but it is found that Churchill did not bid on his own account, and that there were other and lower bids made. Churchill was at the time the tax collector conducting the sale, but the actual selling was done by an auctioneer employed by Churchill, he being hard of hearing, and for that reason it was impracticable for him to sell the land himself.

It is urged that the sale of the seventeen and one-half acres was invalid because the land was bid off by the tax collector who was conducting the sale. That this would be so had he made the purchases for himself, the case of *Chandler* v. *Moulton,* 33 Vt. 245, is full authority. There the land sold for taxes was bid off by and in the name of another person, but in fact by the procurement, as the servant, and in behalf, of the tax collector by whom the sale was made. The sale was held to be void, as against the policy of the law. Nor does it make the sale any the less void that the bidding by the tax collector was in fact for another. In *Payson* v. *Hall,* 30 Me. 319, the collector of taxes, at his own sale, bid off the property in question at the request of and for the demandant who was not at the sale. It was held that his official duties and those of his private agency came into direct conflict; that the performance of one duty was inconsistent with the faithful performance of the other; and that the sale was void. Therefore without considering the other questions raised touching the validity of taxes for the years named, and of the tax deed, we hold that none of the tax sales mentioned affected the title to the property, and that the tax deed under which defendants claim to hold is void.

The indebtedness secured by the conditional deed from Creed to Ager, hereinbefore mentioned, subsequently passed to Nelson D. Parker. On the first day of November, 1877, Ager and wife mortgaged the same land to Parker to secure four promissory notes of one hundred dollars each. These four mortgage notes and one of the conditional deed notes hereinafter called the Creed note were held by Parker at the time of his purchase of the premises at the tax sale, and were by him sold and delivered to the defendant town in connection with the conveyance of the premises under date of July 17, 1905, and as a part of the same transaction, and thence hitherto have been owned by it. The Creed note was dated February 28, 1870, and was for the sum of one hundred dollars, payable to William Creed or bearer on the first day of September, 1873. The last indorsement thereon bore date November 20, 1890; but there was no evidence as to how the indorsement came to be on the note, nor that Ager made any such payment, nor to whom it was made, nor by whom the indorsement was written. This indorsement is not sufficient proof of payment to prevent the running of the statute of

limitations. P. S. 1568. Nor does the record before us show any interruption of the statute after the maturity of the note. The four mortgage notes were dated November 1, 1877, and were for one hundred dollars each, payable to Nelson D. Parker or bearer on or before the first day of November, 1881, 1882, 1883, and 1884. The latest indorsement on any of them was May 16, 1883. Parker never took possession of the premises; and the earliest time when the town went into possession of any part thereof was when it took its deed on July 17, 1905.

The conditional deed to Ager was in legal effect a deed and mortgage back. *Weston* v. *Landgrove*, 53 Vt. 375; *Ford* v. *Steele*, 54 Vt. 562; *Paine* v. *McDowell*, 71 Vt. 28, 41 Atl. 1042. At the time the town took possession of the premises, the Creed note was more than thirty years overdue and no acknowledgment of its existence as a binding obligation by part payment or otherwise within that time is found. The last of the four mortgage notes in time of maturity was more than twenty years overdue, and no indorsement was made on any of those notes within that time, nor anything done which interrupted the operation of the statute. After condition broken the mortgagee became at law the absolute owner of the property and was entitled to immediate possession. *Lull* v. *Matthews*, 19 Vt. 322; *Fuller* v. *Eddy*, 49 Vt. 11. But the right of entry was lost by a continued interruption and ouster for the term of fifteen years. *Richmond* v. *Aiken*, 25 Vt. 324; *Martin* v. *Bowker*, 19 Vt. 526; *Merriam* v. *Barton*, 14 Vt. 501; *Smith* v. *Niagara Fire Ins. Co.*, 60 Vt. 682, 15 Atl. 353, 1 L. R. A. 216, 6 Am. St. Rep. 144.

Touching the validity of the deed by virtue of which the plaintiff claims title and recovery in this action, the defendant offered to show as stated in six different clauses set forth in the exceptions, the fair construction of which is that they were all offered at one time, and the exception saved is to the rejection of "all of which offers." To make this exception available all the evidence thus offered must have been improperly excluded. The fifth clause was to show: "By the said Mrs. Ager that her signature to said instrument was obtained by duress." The offer does not specify the particular acts or things done constituting the claimed duress, without which the court could not judge whether they were of such probative tendency or not. The same may be said respecting that part of the sixth clause,

"that it (the deed) was obtained by undue influence and fraud," without any indication of what the undue influence and fraud consisted. These two offers were not improperly excluded. Consequently the exception taken is too general to have force. *Gregg* v. *Willis,* 71 Vt. 313, 45 Atl. 229; *McQuiggan* v. *Ladd,* 79 Vt. 90, 64 Atl. 503, 14 L. R. A. (N. S.) 689. This in effect disposes of all questions presented.

*Judgment affirmed.*