ALONZO F. HUBBARD *v.* STELLA TAYLOR ET AL.

November Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed December 7, 1909.

*Tax Sales—Validity—Collector Acting for Bidder.*

Where a tax collector, selling land at public auction for unpaid taxes, struck it off to a person who was not present at the sale, but who prior thereto had told the collector that he would pay the taxes and costs for the land, there being no other bidder, the sale was void as against public policy.

EJECTMENT. Plea, the general issue. Trial by court, at the December Term, 1906, Windsor County, *Taylor,* J., presiding. Judgment for the defendant. The plaintiff excepted. The opinion states the case.

*William W. Stickney, J. G. Sargent, Homer L. Skeels* and *F. C. Southgate* for the plaintiff.

*Davis & Davis* for the defendants.

ROWELL, C. J. This is ejectment for land in Plymouth. The plaintiff claims title under a tax deed executed to him in default of redemption. The sale was advertised for Dec. 26, 1892, but was adjourned to Dec. 29, 1892. Between those dates the plaintiff said to the collector, "I will pay the taxes and costs for the land." The collector received that as a bid, and sold the land at public auction to satisfy the tax and costs, and struck it off to the plaintiff, who was the highest and only bidder therefor, but who was not present at the sale. If the collector had struck the land off to himself for the plaintiff instead of to the plaintiff, the case would have been like *Crahan* v. *Chittenden*, 82 Vt. 410. There the collector bid off the land in his own name for, and at the request of, another who was not present at the sale. It was held that the sale was void as against public policy, for

that the collector's official duty and that of his private agency were in conflict, and made the faithful performance of one inconsistent with the faithful performance of the other. But the fact that here the collector struck off the land to the plaintiff and not to himself, makes no difference, for he was, nevertheless, acting for and in behalf of the plaintiff; and as that relation was inconsistent with his official duty, the law forbade him to enter into it, for no man can properly serve two masters concerning a matter in which their interests are in conflict. We hold, therefore, that for this reason the sale was void. This being decisive of the case, there is no occasion for considering any of the other questions presented.

*Judgment affirmed.*