D. A. BENNETT v. OLIVER DELPHIA ET AL.

Special Term at Rutland, November, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 6, 1925.

*Evidence—Statute of Limitations—Copy of Mortgage Note and Indorsements to Show Payment within Statutory Period— Waiver of Exceptions—Presumption as to Payment of Mortgage Indebtedness—Essentials to Review of Exceptions to Findings of Master as Based on Insufficient Evidence— Separate Document Construed as Part of Master's Report.*

1. In action on note, to which defense of statute of limitations was pleaded, on issue whether certain payment had been made within statutory period, original note having been stolen, admission of copy of note and indorsements thereon made by plaintiff, *held* proper, when received not as independent evidence but rather as a memorandum in connection with plaintiff's testimony respecting payment, the statute not excluding such use of an indorsement or memorandum of payment.

2. Exceptions taken to admission of evidence, but not briefed, are waived.

3. There is no presumption that mortgage note was paid at maturity.

4. Presumption of payment of mortgage indebtedness does not arise until expiration of fifteen years from date of last payment, though mortgagor remained in possession of mortgaged premises.

5. Exception to findings of special master as based upon insufficient evidence is unavailing in Supreme Court, where evidence is not before such tribunal.

6. It is essential to the review of questions arising on admission or rejection of evidence by master that they be saved in his report and insisted on in court of chancery, by exceptions duly filed to report.

7. Although decisions on admission of evidence were not embodied in master's report, where a separate document, purporting to be defendants' exceptions was printed in record, and report referred incidentally to a list of defendants' exceptions "submitted with this report," such list of exceptions *held* by Supreme Court to be part of master's report, plaintiff not having challenged sufficiency of record to raise the questions.

APPEAL IN CHANCERY, in foreclosure proceedings. Heard on master's report at the June Term, 1924, Addison County, *Fish,* Chancellor. Defendants exceptions to master's report overruled, and decree of foreclosure granted. The defendants appealed. The opinion states the case. *Affirmed and remanded.*

*Jones & Jones* for the defendants.

*Charles I. Button* for the plaintiff.

TAYLOR, J. The plaintiff is the assignee of a mortgage executed by the defendant Oliver Delphia in 1885 to one Johnson to secure the payment of his promissory note of the same date. This is a proceeding to foreclose such mortgage in which the petition was filed October 13, 1923. The defendants rely upon the statute of limitations and deny the making of any payments on the note within the limitation period. The payment relied upon by the plaintiff as tolling the statute is claimed to have been made December 17, 1908. The case was referred to a special master on whose findings the chancellor rendered a decree of foreclosure. The only question controverted before the

master was whether the defendant Oliver Delphia paid the plaintiff fifteen dollars on December 17, 1908, to be applied on the mortgage indebtedness. It appears that other disputes as to earlier payments are pending; but since the plaintiff's right to a decree depended on his establishing this payment, it was agreed those questions might rest until the validity of the fifteen dollar payment should be determined. The master reported that, while the testimony was conflicting and admitted of doubt in some particulars, he was of the opinion and so found, that the payment was made as testified to by the plaintiff and was credited on the Johnson mortgage at Delphia's request.

[1] The defendants seek the review of several exceptions taken to the master's report. It appears from the findings that the plaintiff's store was burglarized in July, 1908, and many valuable papers including the original note and mortgage given by Delphia to Johnson were stolen and have never been recovered. In 1909 the plaintiff made copies of notes to replace those lost in the burglary. Such a copy of the mortgage note with payments indorsed thereon as claimed by the plaintiff was admitted in evidence against defendants' objection. The only ground of objection now relied upon was that the indorsement of the disputed payment, not being in the handwriting of Delphia but made by the plaintiff, did not comply with G. L. 1868, and was not admissible to take the case out of the statute of limitations. The statute in question provides that the requirement of G. L. 1867 respecting a new promise to avoid a statute of limitations shall not alter or take away the effect of the payment of any principal or interest; but that an indorsement or memorandum of such payment made upon a promissory note, unless in the handwriting of the party making the payment, shall not be proof of the payment sufficient to take the cause out of the provisions of the statute. It is seen that the statute preserved the rule that payment on the mortgage indebtedness renews the mortgage, so that an action may be brought to enforce it within the limitation period thereafter (*Kendall* v. *Tracy*, 64 Vt. 522, 24 Atl. 1118), but with the proviso restricting the force of the indorsement of the payment as evidence.

This provision was first construed in *Bailey* v. *Danforth*, 53 Vt. 504. It was there held that the statute was intended to cut off the establishment of the payment by the indorsement alone, unless proved to be made in the handwriting of the party mak-

ing the payment; but that an indorsement upon a note not in the handwriting of such party might be considered in determining whether payment had been made thereon, though of itself not sufficient to establish the payment. A similar question arose in *Cleaveland* v. *Dinsmore,* 59 Vt. 436, 8 Atl. 279, where it was held that affirmative proof may be adduced to verify the indorsement as a valid payment and remove the bar of the statute. The doctrine of *Bailey* v. *Danforth* was reaffirmed in *Lawrence* v. *Graves,* 60 Vt. 657, 15 Atl. 342; *Fletcher* v. *Brainerd,* 75 Vt. 300, 55 Atl. 608; *McDowell* v. *McDowell's Estate,* 75 Vt. 401, 56 Atl. 98, 98 A. S. R. 831. See, also, *Sanborn* v. *Cole,* 63 Vt. 590, 599, 22 Atl. 716, 14 L. R. A. 208; *Crahan* v. *Town of Chittenden,* 82 Vt. 410, 414, 74 Atl. 86.

The defendants rely upon *Arbuckle* v. *Templeton,* 65 Vt. 205, 25 Atl. 1095, but that case is not in conflict with those cited above. There the note in suit bore the indorsement, ''received 50 dollars to apply on the within note, of Charles Templeton.'' The indorsement was in the handwriting of the plaintiff. The money to make the payment was handed to the plaintiff by a stranger to the note, who was dead, and the question was whether it was furnished by the defendant. If the defendant furnished the money the note was not outlawed as to him; otherwise, it was. It was held to be error to allow the indorsement to go to the jury because it contained the statement that the money came from the defendant, concerning the truth of which the plaintiff had no knowledge to which she could properly testify. The record disclosed no evidence tending to show that the defendant furnished the money unless the indorsement itself had such tendency. It was not found necessary to decide this question; for, as the opinion states, if it was such evidence, it was not of itself sufficient under the statute.

It fairly appears that the indorsement on the copy of the note was not received as independent evidence, but rather as a memorandum in connection with plaintiff's testimony respecting the payment. The decisions cited above make it clear that the statute does not exclude such use of an indorsement or memorandum of payment. Defendants' counsel give a wrong interpretation to what Professor Wigmore says respecting *Bailey* v. *Danforth* and *McDowell* v. *McDowell's Estate.* In the text referred to, he is maintaining that indorsements of payments on bonds or notes made by the creditor should not be received in evidence un-

less it appears that they were made before the statutory period ended, on the ground that they are only admissible when the making of the indorsement was against interest. His criticism in this connection is not that the decisions referred to are unsound, but only that the opinion in the earlier case does not fairly consider the admissibility of an indorsement made after the statute has run. 2 Wig. on Ev., § 1466; 5 Wig. on Ev., § 1466. It is not necessary in the instant case to consider the validity of Professor Wigmore's criticism. So far as concerns the question for decision, the cases are of undoubted authority.

[2] The plaintiff testified that Delphia paid him fifteen dollars on December 17, 1908, to be applied on the Johnson note. This the defendants denied and claimed that the mortgage indebtedness had been paid in full and the note surrendered before that time. Slips used by the plaintiff as his bookkeeping system, covering the period in question and showing the transaction, were received in evidence in connection with his testimony. Exceptions taken to the admission of such evidence are waived, not being briefed. The plaintiff testified that in the spring of 1909, he figured the amount due on the Johnson mortgage at Delphia's request when preparing his tax inventory. The paper on which this figuring was done was admitted in evidence in connection with plaintiff's testimony and is Plaintiff's Exhibit E. The plaintiff also testified that about March 22, 1909, he asked Delphia for a statement as to what he claimed his payments had been on the Johnson mortgage, which was furnished. This paper, marked Plaintiff's Exhibit F, was also admitted in evidence in connection with plaintiff's testimony. The defendants argue exceptions taken to the admission of these exhibits. Neither of the papers shows the payment of December 17, 1908. It is not apparent how in any event the defendants could possibly have been harmed by the admission of the exhibits. The only question at issue was whether the disputed payment had been made, and the fact that it was not shown on the papers would be favorable to the defendants. If the master gave the exhibits any other effect, it is not shown by the record and so reversible error does not appear.

Some point is made that the master erred in admitting parol evidence on the part of the plaintiff to explain the meaning of these exhibits, and the defendants invoke the parol evidence rule. However, they fail to show how the rule has any application

here. Apparently the testimony objected to related to the reason for making the writings and not to their contents, except, possibly, to explain why the disputed payment did not appear in Exhibit E. It is further urged that it was error to admit these exhibits, as they did not comply with the requirement of G. L. 1867, that a new promise must be in writing and signed by the party affected thereby to avoid the defense of the statute of limitations. A sufficient answer is that it does not appear that the exhibits were received or used for the purpose contemplated by the statute, and so it has no application.

[3, 4] The defendants excepted to the report on the ground that the master failed to consider the presumption of payment of the mortgage indebtedness arising after the lapse of fifteen years. One infirmity of the argument in support of this claim is that the fifteen years that would give rise to such a presumption had not accrued. There would be no presumption that the mortgage note was paid at maturity. *Sowles* v. *Minot*, 82 Vt. 344, 354, 73 Atl. 1025, 137 A. S. R. 1010. The fifteen-year period would not begin to run from the date of the note. *Smith* v. *Niagara Fire Ins. Co.*, 60 Vt. 682, 15 Atl. 353, 1 L. R. A. 216, 6. A. S. R. 144. The presumption would not arise until the expiration of fifteen years from the date of the last payment, though the mortgagor remained in possession It was held in *Whitney* v. *French*, 25 Vt. 663, cited by the defendants, that with us the presumption of the payment of a mortgage becomes absolute after the lapse of fifteen years, *if there is no entry or payment of interest*. It is not claimed that the statute of limitations had run on the note at the time of the alleged payment in December, 1908. Manifestly, the question whether such payment was made would be unaffected by a presumption that had not arisen.

[5] Complaint is made that the findings are based upon insufficient evidence. But this objection is unavailing, if for no other reason because the evidence in the case is not before us. We have considered all the questions briefed that are covered by the exceptions to the report and find no error in the decree overruling the same.

[6, 7] It is deemed advisable to notice an irregularity in the record, unless silence should be taken as approving the method employed to bring up the exceptions to the admission of evidence. The defendants excepted to the report on the ground

of error in the admission of evidence received against objection, as required by G. L. 1520; but this is not enough. It was incumbent upon them to take steps to have the decisions made respecting the admission of the evidence reported by the master as provided in G. L. 1517. It is essential to the review of questions arising on the admission or rejection of evidence by the master that they be saved in his report and insisted on in the court of chancery, by exceptions duly filed to the report. *Hooker, Corser & Mitchell Co.* v. *Hooker,* 89 Vt. 383, 387, 95 Atl. 649. It has been held that such questions should be treated in this Court as waived unless saved in the report, though insisted upon in the exceptions. *Randall* v. *Moody,* 87 Vt. 68, 72, 88 Atl. 321. The decisions on the admission of evidence were not embodied in the master's report. A separate document purporting to be the defendants' exceptions is printed in the record. The report refers incidentally to a "list of Deft's. exceptions submitted with this report." As the plaintiff does not challenge the sufficiency of the record to raise the questions, we construe the "list of exceptions" as part of the master's report, as it is possible they were intended to be.

*Decree affirmed and cause remanded.*