E. S. PUTNAM *v.* GEORGE SWAIN.

February Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed May 8, 1929.

*John J. Wilson* for the defendant.

92

*Wilson & Chamberlin* for the plaintiff.

SLACK, J. This is an action of contract to recover the amount due on two promissory notes which the defendant gave to the plaintiff. The defendant pleaded payment and the statute of limitations. Trial was by court, resulting in a judgment for plaintiff, and the case is here on defendant's exceptions.

The only question for review is whether certain transactions evidenced by indorsements which appear on the notes were of such character as to prevent the running of the statute of limitations.

It appears that these indorsements are in the handwriting of the plaintiff, and were made without the direction, authority, or knowledge of the defendant; that ever after the giving of these notes to the time of the trial there was an unsettled book account between the parties, as well as another note not in issue, and not affected by the statute; and that "such indorsements were made as representing just and proper items of credit owing by plaintiff to defendant, as of the dates of such indorsements."

██ In the circumstances, the indorsements themselves were not sufficient proof of payment to toll the statute. G. L. 1868; *Bailey* v. *Danforth*, 53 Vt. 504; *Cleveland* v. *Dinsmore*, 59 Vt. 436, 8 Atl. 279; *McDowell* v. *McDowell's Estate*, 75 Vt. 401, 56 Atl. 98, 98 A. S. R. 831; *Crahan* v. *Town of Chittenden et al.*, 82 Vt. 410, 74 Atl. 86. Nor is it claimed otherwise. But the plaintiff insists that the findings, in effect, show payment at the time of the several indorsements, and that since it appears

that defendant made no application of such payments he had the right to apply them as he did.

■ ■ It is true that voluntary part payment of a debt, whether barred by the statute or not, if made without protestation of further liability, is a recognition of such debt by the debtor, from which the law not only implies an admission of the existence of the balance as a subsisting debt, but also a promise to pay it which prevents the operation of the statute. It is likewise true that when a debtor makes payment to one who holds several demands against him without specifying on which debt it is to be applied, the creditor may generally apply it on whichever he chooses. *Robinson* v. *Doolittle,* 12 Vt. 246; *Ayer* v. *Hawkins,* 19 Vt. 26; *Wheeler* v. *House,* 27 Vt. 735; *Robie* v. *Briggs,* 59 Vt. 449, 9 Atl. 593, 59 A. R. 737.

■ ■ The trouble with plaintiff's case is that the record shows neither payment by the defendant nor facts from which such payment can fairly be implied. The finding is that the indorsements represented ''just and proper items of credit owing by plaintiff to defendant'' at the times the indorsements were made. It does not appear, nor is it seriously claimed, that these items of credit represent payments made at the time; indeed, the findings are such as to compel the conclusion that they did not. Since this is so, plaintiff's manipulation of what he owed the defendant, unbeknown to the latter, could not operate to toll the statute. Moreover, the right of a creditor to apply a payment on any of several debts because of the debtor's failure to do so presupposes that the debtor had an opportunity to make the application, which was not so in the circumstances of the instant case.

While the defense under consideration is not regarded with favor, it cannot be defeated in the manner here attempted.

*Judgment reversed, and judgment for defendant to recover his costs.*