N.H. Hydraulics, Inc. v. Crean Equip., Inc., No. 669-9-09 Rdcv (Cohen, J., Apr. 26, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**RUTLAND COUNTY**

| | | |
|---|---|---|
| **NEW HAMPSHIRE HYDRAULICS, INC.** ) | | **Rutland Superior Court** |
| ) | | **Docket No. 669-9-09 Rdcv** |
| **v.** ) | | |
| ) | | **on appeal from** |
| **CREAN EQUIPMENT, INC.** ) | | **Docket No. 333-4-09 Rdsc** |

**DECISION ON SMALL CLAIMS APPEAL**

Plaintiff filed a small-claims complaint in April 2009 seeking to collect a debt allegedly owed by defendant. The small claims court held a merits hearing and entered judgment for plaintiff for the principal amount of the debt, plus interest and court costs. Defendant now appeals and contends that the entire claim is barred by the six-year statute of limitations set forth in 12 V.S.A. § 511.

The findings of fact are not contested on appeal. Defendant entered into an open account with plaintiff, the terms of which required defendant to pay outstanding balances within thirty days of the invoice. For the first few months, defendant incurred charges on the account and paid the balances promptly. Defendant then incurred charges in June 2002 and August 2002 totaling more than $2,000. Defendant made only one partial payment of $200 towards this balance, in September 2003. The rest remains unpaid.

The question is whether the claim is barred by the statute of limitations. The rule is that the action must have been commenced "within six years after the cause of action accrue[d]." 12 V.S.A. § 511. Since a cause of action for breach of contract accrues when the breach occurs, *Benson v. MVP Health Plan, Inc.*, 2009 VT 57, ¶ 5 (citing *Alexander v. Gerald E. Morrissey, Inc.*, 137 Vt. 20, 24 (1979)), it is apparent that the statute of limitations first began running in this case no later than September 2002, when defendant failed to pay his outstanding balances within thirty days of the invoices.

Yet it is widely accepted that partial payment of a debt is an acknowledgment that "has the effect of starting the statute of limitations running anew." See Calamari & Perillo, The Law of Contracts § 5-7, at 255 (3d ed. 1987) (explaining rule). As older Vermont cases explain, "voluntary part payment of a debt . . . is a recognition of such debt by the debtor, from which the law not only implies an admission of the existence of the balance as a subsisting debt, but also a promise to pay it which prevents the operation of the statute [of limitations]." *Putnam v. Swain*, 102 Vt. 90, 93 (1929); *Goodwin v. Buzzell*, 35 Vt. 9, 10 (1861). Hence, in the context of open accounts and credit-card accounts, the general rule is that the limitations period is measured by the date the charges became due (i.e., the date of the missed payment) or the date of the last payment, whichever is later in time. *Smither v. Asset Acceptance, LLC*, 919 N.E.2d 1153, 1159–60 (Ind. Ct. App. 2010); *Portfolio Recovery Assocs., LLC v. Neska*, 2010 WL 696649 (Minn. Ct. App. 2010); *J.R. Simplot Co. v. Jelinek*, 748 N.W.2d 17, 27 (Neb. 2008); *Hawkins v. Barnes*, 661 So.2d 1271, 1272–73 (Fla. Ct. App. 1995).

Here, defendant made a partial payment on the account in September 2003. Since the partial payment had the effect of "starting the statute of limitations running anew," the complaint for breach of contract was timely filed in April 2009. The small claims court accordingly did not err in entering judgment for plaintiff.

## ORDER

The judgment of the small claims court dated August 12, 2009, is ***affirmed***.

Dated at Rutland, Vermont this _____ day of April, 2010.

_____
Hon. William D. Cohen
Superior Court Judge

2