HARVEY P. HOLBROOK *v.* ADIN HOLBROOK.

### *Deed. Evidence.*

It does not contradict the essential import of a deed to show the agreed price of the land, and such price may always be proved, though it differ from that recited in the deed.

If one sell real estate, of which he owns a part, and supposes that he owns the remainder, as heir of a person supposed to be dead, but who is in fact alive, with a parol agreement that if such person turn out to be alive, the price

shall be refunded, the grantee may recover back the price of the gran-tor's share as heir, notwithstanding the land was conveyed merely by a quit claim deed of all the grantor's interest therein.

Upon the question whether such an agreement to refund had been made, the defendant called his attorney as a witness, to rebut testimony introduced by the plaintiff to the effect that such an agreement had been made in the attor-ney's presence and by his advice. The attorney testified that he knew of no such agreement or any advice to that effect. The plaintiff inquired of him upon cross-examination, if he did not a year or two after the execution of the deed, on being informed of the return of the supposed deceased per-son, remark to the plaintiff that the defendant must refund the money, to which the witness replied, that he did not recollect any such conversation. *Held,* that it was competent for the plaintiff to prove that the attorney did make such a remark.

Assumpsit. Plea, the general issue, and trial by jury, at the April Term, 1857,—Underwood, J., presiding.

It appeared on trial that the plaintiff, the defendant, and their brother, Horton Holbrook, inherited certain real estate from their grandfather. At the time of the circumstances hereinafter detailed, Horton Holbrook had been long absent from Vermont and had not been heard of for ten or twelve years, and both the plaintiff and the defendant supposed him to be dead.

The plaintiff and the defendant fell into a controversy in the year 1853, about the division of said real estate, for the purpose of settling which, the parties and their counsel commenced negotia-tions. The plaintiff's testimony tended to show that the defend-ant's counsel, George B. Kellogg, Esq., proposed, in behalf of the defendant, to take two hundred dollars for his distributive share, but the defendant, after consultation with other counsel, refused to execute a quit claim deed of all his interest in the land, on the ground that such a deed would cut off his interest in Horton's share, for which he said he must be paid, in addition to the two hundred dollars. Finally, the plaintiff paid the defendant two hundred and forty dollars, the forty dollars being for his interest in Horton's distributive share, and the defendant gave the plaintiff a quit-claim deed of all his interest in the premises. The plaintiff's evidence further tended to show that on that occasion it was men-tioned between the counsel of the parties, that, in case the plain-tiff paid the forty dollars, and it should turn out that Horton was alive, the defendant would be bound to refund the money. The

29

plaintiff testified that on the occasion of the execution of the deed he had doubts of Horton's death.

It further appeared that Horton came home in 1855, and claimed his share of the land, and that the plaintiff purchased his interest and paid him therefor.   This suit was brought to recover of the defendant the forty dollars paid him by the plaintiff for his supposed interest in Horton's share.

The defendant's evidence tended to show that the two hundred and forty dollars was paid the plaintiff to settle the whole controversy, whether Horton was in fact alive or not, and that there was no agreement or understanding that any part thereof should be refunded in any event.   Mr. Kellogg was introduced as a witness by the defendant, and testified that he knew of no agreement to pay the money back in case Horton returned, or that any advice was given to that effect.   On cross examination he was asked whether he did not, at the tavern in Townsend, a year or two after the settlement, on being informed by the plaintiff that Horton had returned, remark that the defendant must pay the money back; to which inquiry the witness replied that he had no recollection of any such fact.   The plaintiff then proposed to show that, after Horton's return, he informed Kellogg of it, and that Kellogg then said the defendant must pay the money back.

To this evidence the defendant objected, but the court overruled the objection and admitted the testimony, to which the defendant excepted.   The jury returned a vedict for the plaintiff.

*Bradley & Kellogg*, for the defendant.

*J. Roberts* and *A. Stoddard*, for the plaintiff.

The opinion of the court was delivered by

REDFIELD, Ch. J.   I. Under the decisions in this state, we see no reason to question the right of the plaintiff to recover the forty dollars paid for the share of the heir in the estate of a person supposed to be dead, but who was, in fact, alive, the jury having found an express contract to refund the money in that event, although the conveyance was a mere quit claim.  It is not contradicting the essential import of a deed to show the agreed price of the land.

Holbrook *v.* Holbrook.

And this may always be shown, although it do contradict the recitals in the deed, as has often been decided in this state. *Beach* v. *Packard*, 10 Vt. 96; *Lazell* v. *Lazell*, 12 Vt. 443; *White* v. *Miller*, 22 Vt. 384.

II. As to the testimony given in regard to the declarations of Mr. Kellogg, that if the party was alive, as he was then told was the fact, the defendant must pay back the money, although somewhat equivocal, and susceptible of being regarded as a mere expression of opinion upon the law, or the morality of the case, yet when taken in reference to his connection with the transaction, and the testimony which he gave, and which came from other witnesses, in regard to the original contract, it seems to us that the more natural construction of it was that it had reference to the agreement to refund in that event, did tend to show that at the time he made the declaration he recollected more distinctly the transaction than at the time he gave his testimony. In that view it was properly received and the jury must judge of its fair import, in connection with all the other facts in the case. As it appeared to have reference to the important inquiry in the case, it could not be rejected as collateral, and there being no objection to the charge of the court in regard to the evidence, we cannot regard it as error to admit the evidence. Judgment affirmed.