## LUCIA M. HASTINGS *vs.* JAMES STETSON.

Hampshire.   Sept. 21, 1880. — Jan. 6, 1881.   COLT & MORTON, JJ., absent.

Evidence is competent to prove that the adverse party in an action attempted to bribe a juror at a former trial of the case.

In an action for slander, a repetition by the defendant of the slander is admissible to show malice.

In an action for slander, the plaintiff may recover damages for the mental distress naturally resulting from the publication of the slander.

In an action for slander, evidence of the bad character of the defendant is inadmissible in mitigation of damages.

TORT in five counts, for slander, in accusing the plaintiff of the crimes of adultery and fornication.   Answer, a general denial.   After the former decision, reported 126 Mass. 329, the case was tried in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions in substance as follows :

The evidence was conflicting as to whether the alleged slanderous words were spoken or not.   One of the jurors at the former trial was called by the plaintiff, for the purpose of showing liability and the truth of the allegations of the plaintiff's declaration, and was permitted, against the defendant's objection, to testify that, after this case had been opened to the jury at the former trial, the defendant said to him, " You go for me," or, " You do what is right, and I will pay you for it ; " and that afterwards the defendant again approached him, while the case was in progress, and before it was given to his jury, and pulled out money and held it out to him.

John W. Smith, a witness for the plaintiff, was permitted, against the defendant's objection, to testify that the defendant told him he, the defendant, was going to tell Tom Hastings (the plaintiff's husband) that he was sleeping with a whore.   This was admitted as a repetition of a similar slander.   The plaintiff's counsel asked her in chief if she heard of the publication by the defendant of the slanders alleged in her declaration, and she was permitted, against the defendant's objection, to testify that she did hear of the same.   On cross-examination she testified that she heard of the same from various persons.   She further testified, without objection, that she suffered mentally more than she could express from such publication.

The judge instructed the jury that the defendant was not lia-ble for any unauthorized repetitions of his slander by other persons; and that they could award nothing for damages caused by such repetitions.

The defendant offered in evidence, in mitigation of damages, the following paper, with evidence that the same was executed in duplicate by the plaintiff and defendant at the plaintiff's request at the time of its date, and that it referred to vulgar and inde-cent conduct on the part both of the plaintiff and the defendant. " Amherst, Nov. 6th, 1874. This is to certify that I, James Stetson, will not testify in public nor in private nor to any per-son or persons what has been said or done since our acquaint-ance, and we are to be on friendly terms hereafter, and nothing is to be said of what one has had belonging to the other." The defendant contended that this paper tended to show the plain-tiff's knowledge of the character of the defendant, as affecting the wound his words would be likely to inflict, and that the plaintiff had not so delicate and susceptible modesty as to be so deeply wounded by the alleged words of the defendant as if she were as guileless as she claimed to be. The judge excluded the paper and evidence offered.

The jury returned a verdict for the plaintiff in the sum of $2500; and the defendant alleged exceptions.

*W. G. Bassett,* for the defendant.

*G. M. Stearns,* for the plaintiff.

AMES, J. As the evidence upon the question whether the defamatory words imputed to the defendant had in fact been uttered by him was conflicting, his deportment and conduct at the former trial of the case may have become proper matters of consideration. It was decided in *Egan* v. *Bowker,* 5 Allen, 449, that evidence that a party to a suit had suborned a witness, under an assumed and false name, to give a deposition in his favor, was admissible and competent, as having a tendency to prove that the cause of action or ground of defence relied upon by that party was false and dishonest. The jury may fairly decide that fraud and deceit would not be made use of in support of an honest claim. We do not see any reason why a private attempt by one of the parties to a suit to corrupt a juror by direct bribery does not stand upon the same ground. We see

no error in the admission of such evidence, and in allowing the jury to give some consideration to such a fact.

It is well settled that the pain and mental distress which would naturally result from a malicious slander are among the elements of damage for which the plaintiff may claim compensation. If what the defendant said to the witness, Smith, was meant to apply to the plaintiff, it was admissible as a repetition of the slander, and so as evidence of deliberation and malice. *Bodwell* v. *Swan*, 3 Pick. 376. That it did apply to her, the jury could hardly have had any doubt.

Under the rule established in *Stone* v. *Varney*, 7 Met. 86, the defendant would have the right to show, if he could, that the plaintiff's general reputation for integrity and moral worth was so bad that any damage done by the slander uttered by the defendant would be but nominal. But he could hardly rely on his own bad character in mitigation of damages. We find nothing in the paper offered by him that can have any weight in diminishing his responsibility for any wrong which he has done to the plaintiff, or affecting the amount of damages which the plaintiff is entitled to recover. *Exceptions overruled.*