## Taylor *v.* Gilman.

Evidence that a party attempted to bribe a juror, on the trial of an action, is competent on a subsquent trial of the same action.

In a suit to recover of a surety upon a note, on the ground that he has been paid for signing by conveyance to him of the land of the principal, evidence that the land had been previously conveyed to another is competent.

Assumpsit, on a note. The case was originally heard by a referee, who found for the defendant. It was then tried by the jury, who found for the plaintiff. The defendant then reviewed, and a trial was begun at the October term, 1880, but was not completed, by reason of an alleged attempt by the plaintiff to bribe one of the jurors. On the last trial the plaintiff was a witness; and, subject to the plaintiff's exception, the defendant was allowed to ask him if, at the October term, he did not say to one of the jurors, " If you will favor me, I will satisfy you."

Subject to the plaintiff's exception, one Smart was permitted to testify that he was a juror at the October term, 1880, and was approached by the plaintiff, who said to him, in substance, that if he should be drawn on his case, and would favor him, he would make it right with him.

The plaintiff claimed that the defendant had, as security for signing the note in suit, certain lands of one John B. Moulton, which had formerly stood in the name of one John Moulton, and which he had conveyed to the defendant; and, subject to the plaintiff's exception, the defendant was allowed to show that, before the conveyance to him, John Moulton had conveyed the same land to one Dore.

Verdict for the defendant, and motion for a new trial.

*Worcester & Gafney* and *Sawyer*, for the plaintiff.

*Quarles* and *Copeland*, for the defendant.

STANLEY, J.   It might be inferred that bribery would not have been attempted by the plaintiff to support a good cause of action. On this ground the evidence was properly admitted.   *Egan v. Bowker*, 5 Allen 449 ; *Hastings v. Stetson*, 130 Mass. 76.

The claim was made that the defendant had received a conveyance of certain lands belonging to the person for whom he signed the note in suit as surety, and that for this reason the plaintiff was entitled to recover.   To rebut this claim, it was competent for the defendant to show that he took nothing by this conveyance.   The evidence objected to tended to show that the defendant's grantor had previously conveyed the lands in question to another, and that therefore the defendant derived no benefit from the conveyance to himself.   On this ground the evidence was competent, and was properly received.

*Judgment on the verdict.*

BLODGETT, J., did not sit: the others concurred.