LIZZIE E. HANDY *vs.* ALEXANDER B. CANNING.

Suffolk. January 10, 1896. — May 21, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Replevin — Evidence — Previous Contradictory Statements — Instructions as to Effect of Evidence.*

Where, at the trial of an action of replevin brought by a daughter under eighteen years of age against her father to recover possession of a piano, which she testified was a birthday gift from him ten years before, the defendant put in evidence of previous statements by the plaintiff that she did not understand that the piano was hers, that it was not hers, and also put in evidence of a mortgage of the piano by him with knowledge of the plaintiff, the jury were properly instructed that contradictory statements of the plaintiff as to her ownership of the piano would have some tendency to show what degree of credit was to be given to her testimony that the piano was hers; that, while an assertion by her that the piano was not hers would not show that it was not, it would have the tendency to weaken belief in her testimony that it was hers, and had been given to her; and that if, when a mortgage of it was given, any act of the plaintiff should be found inconsistent with her testimony, it might be taken into consideration on the question whether her testimony should be believed.

REPLEVIN of a piano. At the trial in the Superior Court, before *Hammond*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions. The material facts appear in the opinion.

*S. W. Clifford*, for the plaintiff.

*J. M. Hall*, for the defendant, was not called upon.

LATHROP, J. This is an action of replevin to recover possession of a piano. The plaintiff at the time of the trial was not quite eighteen years old. To prove her title, she testified that the piano was a birthday gift to her from the defendant, her father, ten years before. The defendant put in evidence, without objection, to the effect that the plaintiff had repeatedly stated, in the presence of witnesses, that she did not understand the piano was hers, that it was not hers. The defendant also put in evidence a mortgage of the piano made by him, and it was shown that the plaintiff had some knowledge of this fact. The jury were instructed at length, and found a verdict for the defendant. The case comes before us on exceptions taken to two portions of the charge. These are as follows:

To the instruction, "That, if the plaintiff had made contradictory statements in regard to her ownership of the piano, those statements would have some tendency to show what degree of credit is to be given to her statements when upon the stand when she says it was hers."

And also to this instruction: "If you find that the plaintiff has said, 'That piano is not mine,' while it would not show it was not, it would have the tendency to weaken your belief in her statements here, when she says that it was hers and had been given to her. And if you find, at this time when a mortgage was given, any act of hers inconsistent with her present statements, you may take that into consideration on the question whether you will believe her present statements or not; and that is the only effect of the testimony."

The meaning of the last nine words is shown by what immediately followed in the charge: "For counsel for the plaintiff is correct in saying that she cannot be estopped in any way, even if she had agreed to the mortgage; it is no evidence with reference to the validity of the mortgage, she being a minor."

The question before us is governed by the familiar rule, that,

" Wherever a witness has testified to any material facts, any acts or declarations of his which appear to be inconsistent with his version at the trial are competent by way of contradiction." *Brigham* v. *Clark*, 100 Mass. 430, 432. See also *Emmons* v. *Westfield Bank*, 97 Mass. 230, 243 ; *Foster* v. *Worthing*, 146 Mass. 607.

The plaintiff now contends that the instructions should not have been given, because what she thought about her ownership was a matter of opinion, and of no consequence ; and, further, that it was " the thought of a callow, immature brain, — a child under eighteen years of age."

The bill of exceptions does not purport to give the language used by the plaintiff, or that of the other witnesses, when testifying. The presiding justice, in his charge, states the plaintiff's testimony thus : " The plaintiff appeared as a witness in her own behalf, and testified that she was with her father when he bought the piano ; that he bought it for her and gave it to her, and that afterwards she considered it hers and treated it as hers." As this is the plaintiff's bill of exceptions, and as no objection was taken to the statement of the testimony, we must assume it, as against her, to be correct. If there were anything in the first objection now taken, after her evidence of what she " considered " as to her ownership was put in, evidence as to what she had said she understood or " did not understand " would be admissible in rebuttal.

The test in such a case as the present, for the purpose of contradicting the testimony of a witness, is whether, by common experience, different statements would mean different positions taken as to fact foundations rather than as to the law conclusion. See *Commonwealth* v. *Moinehan*, 140 Mass. 463, 464, and cases cited.

As to the second objection, it does not appear when the contradictory statements were made, or when the mortgage was made. We are unable, therefore, to say, as matter of law, that the thought was that of a callow, immature brain, or that it was not admissible in contradiction of her testimony as to an event which happened when she was about eight years of age. This was a matter for the consideration of the jury.

*Exceptions overruled.*