BARNETT BENNETT *vs.* MOSES SUSSER.

Suffolk. January 9, 1906. — April 3, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Witness*, Contradiction. *Evidence*, Admissions by conduct, Offer of compromise. *Practice, Civil*, Exceptions, Conduct of trial.

Whether a party to an action, after having cross-examined the adverse party on immaterial matters without objection, shall be allowed to introduce evidence to contradict him on those matters is within the discretion of the presiding judge.

In an action in which the plaintiff had testified, the defendant asked for the instruction "If the jury are satisfied that the plaintiff either in this or in any previous trial has deliberately misstated anything, the jury may consider that such conduct is an admission that his claim' is a wrongful one." It did not appear that there was any deliberate misstatement of fact at a previous trial, although the plaintiff's testimony given at a previous trial on cross-examination on immaterial matters differed from his testimony at the present trial. The judge refused to give the instruction. *Held*, that the instruction requested was refused rightly, not being limited to misstatements which either were material or were believed by the plaintiff to be material.

In an action on an alleged promise of the defendant, the presiding judge is not called upon to rule at the request of the defendant that particular expressions used by the defendant in a conversation or conversations relied on by the plaintiff did not in themselves as matter of law constitute a promise.

In a trial the counsel for the plaintiff on cross-examination of the defendant in presence of the jury put the question "You have offered to pay the plaintiff a certain amount if he would settle this case?" On objection of the defendant the question was excluded by the judge, and the defendant moved to take the case from the jury. This the judge refused to do and said "The jury must disregard that matter." He also instructed the jury that it was entirely incompetent for one party or the other to show that either had attempted to settle the case. *Held*, that the judge was not required to say more than he did, and that the defendant had no ground for exception.

LATHROP, J. This is an action of contract on an alleged promise of indemnity to save the plaintiff harmless if he would go bail with the defendant for one Freed. At the trial in the

Superior Court, the jury returned a verdict for the plaintiff; and the case is before us on the defendant's exceptions.

The bill of exceptions states that both parties testified, and that there was evidence to support the plaintiff's claim; that the defendant denied making any such promise as alleged; and that there was evidence in support of such denial.

1. The defendant introduced evidence tending to show that he was on bad terms with Freed, and did not ask the plaintiff or any one else to go bail for Freed. On cross-examination of the defendant as a witness, he denied that before going bail for Freed he ever had called upon one Rottenberg and asked him to go bail for Freed, or that, after Freed's default, he had sold out Freed's store. In rebuttal, the plaintiff offered evidence tending to show that the defendant did call on Rottenberg with Freed's wife for the purpose of getting Rottenberg to go bail for Freed, and to show that the defendant did sell Freed's store to one Aronson, after Freed's default. The defendant excepted to the admission of this evidence.

The defendant contends that the answers of the defendant on cross-examination to the questions whether he had asked Rottenberg to go bail or had sold out Freed's store were upon immaterial and collateral matters, and were conclusive and not capable of contradiction, and that the admission of evidence in contradiction was erroneous.

The defendant, by his testimony on direct examination that he had not asked any one to go bail for Freed, would seem to have opened the door for the plaintiff to show the contrary; but if we assume that the questions put on cross-examination were immaterial, still they were admitted without objection, and were in the case. It was within the discretion of the presiding judge to allow the plaintiff to put in evidence to show the contrary. As is said by Mr. Justice Endicott in *Treat* v. *Curtis*, 124 Mass. 348, 352, " The introduction or exclusion of immaterial evidence to meet immaterial evidence is within the discretion of the court." See also *Brooks* v. *Acton*, 117 Mass. 204.

2. The next exception relates to the third request for instructions by the defendant, which was as follows: " If the jury are satisfied that the plaintiff either in this or in any previous trial, has deliberately misstated anything, the jury may consider that

such conduct is an admission that his claim is a wrongful one." The judge declined to give this ruling and instructed the jury as follows: " If any witness had given any testimony at any other trial, materially different from that given by him at this trial, the jury should consider the fact as bearing upon the credibility of such witness at this trial." No exception was taken to the instruction given, but only to the ruling asked for and refused.

The defendant in his brief says: " The jury should have been instructed that deliberate perjury of the plaintiff might be considered an admission that his claim was a wrongful one."

In the ruling given the judge evidently had in mind the rule which has been applied to a party in a case who testifies, as well as to any other witness, and which is thus stated by Mr. Justice Foster in *Brigham* v. *Clark*, 100 Mass. 430: " Wherever a witness has testified to any material facts, any acts or declarations of his which appear to be inconsistent with his version at the trial are competent by way of contradiction." This rule has since been followed. *Foster* v. *Worthing*, 146 Mass. 607. *Handy* v. *Canning*, 166 Mass. 107, 109.

It is however a familiar rule that if any party to a cause suborns a witness to testify falsely, this may be shown as an admission on his part that he has not a just claim. *Egan* v. *Bowker*, 5 Allen, 449. The rule is the same if a person whose liability is in question immediately after the act upon which it is sought to charge him assigns or conveys all his property. *Banfield* v. *Whipple*, 10 Allen, 27. It may also be shown that a party to a cause attempted to bribe a juror at a previous trial of a case. *Hastings* v. *Stetson*, 130 Mass. 76. So the suppression of important evidence is a fact to be weighed against the party suppressing it. *Simes* v. *Rockwell*, 156 Mass. 372. In *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, 103, it was said by Mr. Justice Loring: " The presiding judge instructed the jury that if they found that one party or the other had put in testimony knowing it to be false they had a right to take that into consideration when they came to weigh the testimony." This was held to be correct, and some of the cases above cited were referred to.

We find nothing in the bill of exceptions to show that there was any deliberate misstatement of fact at a previous trial. The

most that the bill of exceptions shows is that the plaintiff's testimony given at a previous trial, on cross-examination on entirely immaterial matters, differed from his testimony at this trial.

While it may be true, under the decisions last above cited, that a deliberate misstatement of fact, made by a party testifying in a case, which is, or which he believes to be, material to any issue in the case, may be considered by the jury, if they think this should be done, as an admission that his claim is a wrongful one, yet the plaintiff was not entitled to have the instruction requested given. It was not limited to misstatements which were either material or believed by the plaintiff to be material.

If the request is to be treated as applying to the general testimony of the plaintiff in support of his case, the defendant has not suffered by the refusal to give it, as the jury must have found that the testimony was true. If it applied, as doubtless it was intended to apply, to the points wherein it was contended that the plaintiff's testimony differed from that formerly given, then, as we have already stated, the matters inquired of were entirely immaterial. The ruling requested was, therefore, rightly refused.

3. The defendant asked the judge to rule that certain statements made by witnesses did not amount to a promise. These statements were put in evidence without objection. The bill of exceptions recites that these statements were made in connection with and at the same time of other alleged statements of the defendant that he would save the plaintiff harmless if the plaintiff would recognize as surety for Freed, and during a conversation or conversations in which the defendant was asking the plaintiff to become surety. It is too clear for argument that the judge was not called upon to pick out particular expressions, and rule, as matter of law that they did not constitute a promise.

4. The last contention of the defendant is that the judge should have taken the case from the jury, because the counsel for the plaintiff, in the presence of the jury, put the following question to the defendant on cross-examination: "You have offered to pay Mr. Bennett a certain amount if he would settle this case?" On the question being objected to it was excluded, and the defendant moved to take the case from the jury. The judge declined

to take the case from the jury, and said: "The jury must disregard that matter." In his charge, the judge also instructed the jury that it was entirely incompetent for one party or the other to attempt to show that either party had attempted to settle the case.

The defendant admitted at the argument that the judge was not bound to take the case from the jury, but contended that the judge should have said more than he did. We are however of opinion that the judge was not called upon to say more than he did. *Batchelder* v. *Batchelder*, 2 Allen, 105. *Hawes* v. *Gustin*, 2 Allen, 402, 406. *Smith* v. *Whitman*, 6 Allen, 562. *Providence & Worcester Railroad* v. *Worcester*, 155 Mass. 35, 41.

*Exceptions overruled.*

*E. Greenhood*, for the defendant.
*C. W. Ford*, (*L. Bryant* with him,) for the plaintiff.