STATE *v.* HARLAN E. STORRS.

November Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 4, 1933.

*Gelsi Monti* for the respondent.

*Raymond L. Miles,* State's attorney, for the State.

MOULTON, J. Having been convicted of a violation of section 87, No. 70, Acts 1925, providing that "A person shall not operate or attempt to operate a motor vehicle while under the influence of intoxicating liquors, * * * *" the respondent has brought the case to this Court on exceptions.

By exceptions to the denial of a motion for a directed verdict, to the refusal to charge as requested and to the charge as given, the contention is advanced that since the mechanism of the automobile was so far broken down that the engine, to the respond-

ent's certain knowledge, could not be set in motion, the respondent could not be found guilty, because he had no intent to operate the vehicle, and because such operation was, as a matter of fact, impossible under the circumstances. There is some doubt whether certain of these exceptions are adequately briefed, but since the question is fairly presented as to the others, it is given attention.

The acts which have been made the subject of this prosecution are turning of the ignition switch and setting the self-starter in motion. The automobile in which the respondent was riding, and which was driven by a youth named Sanguinetti, suddenly stopped on the highway. An investigation showed that the ignition apparatus had become wet, so that no current was transmitted to the spark plugs. Shortly after this discovery the witness Carroll Lyon passed by and found the respondent sitting in the driver's seat and violently nauseated, and in his opinion intoxicated. Lyon, after a brief stop, proceeded to the nearby village of Barton and notified deputy sheriff George Jennings, who along with motor vehicle inspector Harry Dickens, repaired to the scene. A few minutes later Raymond Drew and Lewis Kohlstrom arrived. The respondent, in the presence of the two last-named persons, twice turned on the switch and caused the self-starter to function, without, however, starting the motor. In the presence of Jennings, he also turned the switch. He testified that he knew that the motor could not be started, and that what he did in the presence of Drew and Kohlstrom was for the purpose of testing the self-starter, and in the presence of Jennings, for the purpose of demonstrating that the engine was not capable of motion. His condition at the time, according to the witnesses for the State, was one of extreme intoxication, and this evidence affected the credibility of his testimony. *Cox* v. *Eayres,* 55 Vt. 24, 35, 45 A. R. 583. The evidence was that, on the car in question, the mere turning of the switch would put the self-starter in motion, and that it did so.

It is strongly urged that an intent to operate the vehicle is an essential element of the offense described by the statute, and that no such intent can exist where the operation itself is known to be impossible. This argument apparently proceeds upon the assumption that to operate a motor vehicle, within the meaning of the statute, something must be done to put the engine in motion, whether the car itself is actually moved or not. But

this is not so. The statute above quoted (section 3) provides that the word "operate" shall include an attempt to operate and "shall be construed to cover all matters and things connected with the presence and use of motor vehicles on the highway, whether they be in motion or at rest." In *State* v. *Tacey*, 102 Vt. 439, 441, 150 Atl. 68, 68 A. L. R. 1353, it is pointed out that in passing the act the Legislature evidently intended to give to the word a broader and more inclusive definition than that lexicographically attributed to it. Indeed it is plain that it was intended to forbid an intoxicated person to do anything with regard to the mechanism of a motor vehicle, whether it has any effect upon the engine or not. In accordance with the broad construction which we are required by the statutory direction to adopt, it becomes clear that the turning of the ignition switch and the effect of this upon the self-starter was an operation of the car, since it was a matter or thing connected with its use and presence upon the highway. And so no question of intent is involved. Since this was itself the forbidden act, the respondent cannot plead the lack of intent or inability to do more, or urge, as, indeed, he does not, that he is to be excused because of his ignorance of the unlawful quality of his act. These exceptions are, therefore, unavailing.

In his brief the respondent argues that the statutory definition is so vague, uncertain, and indefinite that the statute itself is void, and mentions the possibility of several extreme situations as illustrating this contention. This point was not raised below and so is not for consideration here. *State* v. *Stacy*, 104 Vt. 379, 160 Atl. 257, 270. We are not required at this time to decide where the line shall be drawn between acts which are an operation of a motor vehicle and those which are not. It is enough to say that those here in question are within it.

In submitting to the jury the issue of respondent's intoxication, the Court said that he had testified that he had taken four glasses of wine before leaving Barre and that his nausea was produced by this wine. Exceptions were taken to this statement, on the ground that the testimony was that he had consumed four small glasses of wine, and that his sickness was caused by the wine and by what he had eaten. The discrepancy was of too trifling a nature to afford a reasonable ground of objection. See *Carleton* v. *Fairbanks & Co.*, 88 Vt. 537, 554, 93 Atl. 462; *State* v. *Stacy*, *supra*. The jury had been instructed

that they were the judges of the evidence. We cannot suppose that they were misled by this part of the charge, and prejudice does not appear.

■ ■ An exception was taken to an instruction, which was in effect that, if the respondent were in the slightest degree under the influence of intoxicating liquor, he was within the prohibition of the statute. It is argued that the test should have been whether he was under the influence of intoxicating liquor to such an extent that his capacity to operate the machine was impaired. But where one, by reason of his indulgence in intoxicating liquor, has ceased to retain full control over his faculties of mind and body, he is under the influence of such liquor, and the extent to which he has lost the use of his mental and physical powers is not material upon this question. *Furry's Admr.* v. *Gen'l Accident Ins. Co.*, 80 Vt. 526, 529, 68 Atl. 655, 15 L. R. A. (N. S.) 206, 130 A. S. R. 1012, 13 Ann. Cas. 515. This is the plain meaning of the phrase as used in the statute, and the charge was without error in this respect.

■ Motor vehicle inspector Dickens, the officer who placed the respondent under arrest, was a witness for the State. On cross-examination he was asked whether, on a designated occasion, he had stated that he "had no evidence to show that the respondent had been operating a motor vehicle under the influence of intoxicating liquor." The question was excluded, subject to respondent's exception. The object was to lay the foundation for the subsequent introduction of impeaching evidence. A witness may be impeached by showing that he has made statements elsewhere than in court which are inconsistent with his testimony, the foundation for such impeachment having first been laid by calling his attention to the claimed statement and questioning him about it. *Robinson* v. *Leonard*, 100 Vt. 1, 5, 134 Atl. 706. This rule applies where the claimed impeachment statement is, as it may be construed to be here, an expression of opinion, if there is within the broad statement of opinion some applied assertion of fact inconsistent with the witness's testimony. II Wigmore, Evidence (2 ed.) para. 1041; 1 Greenleaf, Evidence (16 ed.) para. 462a; *Holbrook* v. *Holbrook*, 30 Vt. 432, 435; *Robinson* v. *Hutchinson*, 31 Vt. 443, 449; *Whipple* v. *Rich*, 180 Mass. 477-479, 63 N. E. 5. The test "is whether, by common experience, different statements would mean different positions

taken as fact foundations rather than as to the law conclusions.'' *Handy* v. *Canning,* 166 Mass. 107, 109, 44 N. E. 118, 119.

But, of course, there must, in any event, be something in the witness' testimony with which the claimed statement is inconsistent. In this instance the inspector had given no evidence as to the acts of the respondent regarding the operation of the automobile which have been made the basis of this proceeding. He did not see him turn the switch; he did not even find him sitting in the driver's seat. His testimony was directed only to the intoxicated condition of the respondent, and for this alone he had the power and duty to make the arrest. The question, therefore, called for an answer, which, if in the affirmative, would not contradict the witness' testimony. The exclusion was proper.

█ The same witness testified that after the arrest he took the respondent to a hotel, and not to the jail. He was asked, on cross-examination, ''And (the hotel) wasn't a place designated for the keeping of prisoners?'' The question was excluded, subject to exception. There was no error. The ruling upon this inquiry, which seems to have been intended as an attack upon the officer's credibility, rested within the discretion of the trial court, and no abuse thereof is made to appear. *State* v. *Long,* 95 Vt. 485, 491, 115 Atl. 734.

█ █ The question, also asked on the cross-examination of the inspector, ''Do you recall that the boy (Sanguinetti) told you that the car could not be started?'' was properly excluded because it was hearsay, and the fact that the witness was notified of the condition was immaterial. Evidence was introduced by the State, to the effect that certain automobiles of the same make as that in question could be started by turning the ignition switch, and was received under exception on the ground that it was incompetent, immaterial, and irrelevant, and a motion was made to strike it out. But since both Sanguinetti and another witness called by respondent later testified on cross-examination, without exception being taken, that the particular car, if in proper mechanical condition, would start by merely turning the switch, the error, if any, was harmless. *Burke* v. *Powers' Estate,* 100 Vt. 342, 345, 137 Atl. 202; *People's Nat. Bank* v. *Brunelle,* 101 Vt. 42, 47, 140 Atl. 160. .

█ On his direct examination, the respondent testified that he had driven an automobile since 1909, and was then asked

"Have you ever had any difficulty at any time?" The question was excluded and he excepted. The offer was to show that he had never had any trouble, as bearing upon his knowledge of automobiles. But since such knowledge was immaterial to the issue whether he had operated his car while under the influence of intoxicating liquor, there was no error in the ruling.

 Later on he was asked whether, at the time of the stoppage of the automobile and the inspection of the spark plugs, he said anything to Sanguinetti concerning the condition of the car. His exception to the exclusion of this question is unavailing, if for no other reason, because the offer did not disclose what the expected answer would be. *Smith* v. *Reynolds*, 94 Vt. 28, 40, 180 Atl. 697; *State* v. *Tubbs*, 101 Vt. 5, 20, 139 Atl. 769. The offer "to show what the witness said" was not sufficient. *Reed & Davis* v. *Reynolds*, 95 Vt. 45, 47, 112 Atl. 359; *Stevens & Baldwin* v. *Sayers*, 82 Vt. 324, 326, 327, 73 Atl. 817; *Crahan* v. *Chittenden*, 82 Vt. 410, 415, 416, 74 Atl. 86.

 On cross-examination the respondent was asked whether, in the presence of the witness Drew, the statement had not been made to him that he must have been drunk, to which he had answered "I guess I was." He denied that the accusation had been made, saying that the word "normal," and not "drunk" was used, but admitted that he had so answered. On rebuttal the State called two witnesses who testified that the respondent had been told that he must have been drunk, and had made the answer already quoted. This evidence was admitted subject to exception as not being rebuttal, but we need take no time in considering whether this is so, because the order of the reception of evidence lies in the discretion of the trial court, and is reviewable only where an abuse is shown. *Shields et al.* v. *Vt. Mut. Fire Ins. Co.*, 102 Vt. 224, 251, 147 Atl. 352. Certainly there is none here.

*Judgment that there is no error and that respondent takes nothing by his exceptions. Let execution be done.*