LEONARD LANGAN *vs.* PETER J. PIANOWSKI.

Worcester.    September 23, 1940. — October 31, 1940.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Witness*, Contradiction. *Evidence*, Competency. *Practice, Civil*, Charge to jury.

The admission, "purely on the question of credibility of" the plaintiff, of evidence offered by the defendant of previous statements by the plaintiff setting forth facts contrary to those to which he had testified, disclosed no error.

At a trial where the plaintiff had testified that he had no recollection of giving a statement which he admitted signing and which contradicted his testimony on the merits, the judge did not violate § 81 of G. L.

(Ter. Ed.) c. 231, by instructions in substance that a party or witness who has actually made a statement contradictory to his testimony cannot escape the consequences of the contradiction by a pretense that he does not remember making the statement.

TORT. Writ in the Central District Court of Worcester dated October 30, 1934.

On removal to the Superior Court, the case was tried before *T. J. Hammond,* J. The statement signed by the plaintiff, referred to in the opinion, was not admitted in evidence.

The case was submitted on briefs.

*Nunziato Fusaro & R. J. Monahan,* for the plaintiff.

*J. W. Ceaty,* for the defendant.

LUMMUS, J. On November 6, 1933, according to his testimony, the plaintiff rode by invitation of the defendant in an automobile operated by him. As they were on the left side of the road, passing a vehicle at the rate of fifty miles an hour, another automobile came around a curve in the opposite direction on the same side of the road. The defendant turned his automobile sharply to the right. It skidded on the wet pavement, and went off the right side of the road into a pole. The plaintiff was hurt. He alleges that the defendant was grossly negligent. There was evidence that before the accident the plaintiff had protested several times to the defendant against his driving so fast on a slippery road. The testimony of the defendant was that he drove at very moderate speed on the right side of the road, that he passed no other automobile, and that the plaintiff made no objection to his manner of driving. The jury returned a verdict for the defendant, and the case comes here on the plaintiff's exceptions.

An investigator for an insurance company representing the defendant testified that the plaintiff gave him a signed statement of the circumstances of the injury, in which the plaintiff said in substance that the defendant was driving carefully at a rate of twenty or twenty-five miles an hour; that suddenly the automobile skidded and collided with the pole; and that he thought the automobile must have struck something in the road. He made no mention in the

statement of passing any automobile or of protesting as to the speed.

The judge, subject to the exception of the plaintiff, admitted, "purely on the question of credibility of this witness," the plaintiff, testimony as to what the plaintiff told the investigator, which was substantially the contents of the signed statement. The plaintiff admitted that the signature on the statement is his, but testified that he had no recollection of giving such a statement; if he did talk to the investigator, he was unable to recall whether he told him the truth.

Where a party is surprised by the testimony of his own witness that he does not remember relevant facts, the party will not ordinarily be allowed to introduce prior statements of the witness concerning those facts, under G. L. (Ter. Ed.) c. 233, § 23, because the legitimate value of the statements as contradictions of the purported failure to remember would usually be slight, while the danger that the jury would give affirmative testimonial value to the statements would be great. *Commonwealth* v. *Welsh,* 4 Gray, 535. *Elmer* v. *Fessenden,* 154 Mass. 427. *Commonwealth* v. *Smith,* 163 Mass. 411, 425. *Corsick* v. *Boston Elevated Railway,* 218 Mass. 144. *Bloustein* v. *Shindler,* 235 Mass. 440. *Bilodeau* v. *Fitchburg & Leominster Street Railway,* 236 Mass. 526, 530, 540. *Fraser* v. *Flanders,* 248 Mass. 62, 63, 64, 68. *Commonwealth* v. *Chin Kee,* 283 Mass. 248, 261. Wigmore, Evid. (3d ed.) § 1043.

But a party has the right to contradict a witness called by his opponent not only by statements categorically opposed to his testimony but also by statements the implications of which "tend in a different direction from what is sworn to." *Liddle* v. *Old Lowell National Bank,* 158 Mass. 15, 16. *Smith* v. *Holyoke Street Railway,* 210 Mass. 202, 205. *McGrath* v. *Fash,* 244 Mass. 327, 329, 330. *Hoxie* v. *Hall,* 297 Mass. 80. "Declarations or acts, or omissions to speak or to act when it would have been natural to do so if the fact were as testified to, may be shown by way of contradiction or impeachment of the testimony of a witness, when they fairly tend to control or qualify his testi-

mony." *Foster* v. *Worthing*, 146 Mass. 607, 608. *Handy* v. *Canning*, 166 Mass. 107. *Bennett* v. *Susser*, 191 Mass. 329, 331. *Commonwealth* v. *Homer*, 235 Mass. 526, 532, 533. *Commonwealth* v. *Cantor*, 253 Mass. 509, 515. Wigmore, Evid. (3d ed.) §§ 1040–1042.

The admission of the testimony for the purpose of contradicting the plaintiff was free from error. But an even more obvious ground upon which it was competent when offered by the defendant was that it was an admission on the part of the plaintiff which was competent evidence whether the plaintiff was a witness or not. Wigmore, Evid. (3d. ed.) §§ 1048, 1051, 1053.

Concerning the plaintiff's testimony with respect to the statement, the judge charged the jury, subject to the plaintiff's exception, as follows: "The mere routine answer of 'I don't remember' is not enough to shield a man from the consequences of some statement that he has made at a previous time. Remember that it is not a cloak or shield against some statement that is not to his advantage if actually made on a previous occasion and which actually is at variance, or contradictory to, the testimony that he has given on the witness stand here." The plaintiff contends that this was a charge "with respect to matters of fact," in violation of G. L. (Ter. Ed.) c. 231, § 81. Assuming without deciding that that section is a valid restriction upon jury trial (see *Commonwealth* v. *Barry*, 9 Allen, 276), the charge did not express any opinion on the facts. The substance of the passage complained of, is that a party or witness who has actually made a statement contradictory to his testimony cannot escape the consequences of the contradiction by a pretence that he does not remember making the statement. Obviously that proposition is true. Whether it was applicable to the facts was left to the jury to decide.

*Exceptions overruled.*