## STATE v. SHAW.
### No. 4995.

Circuit Court, Dade County, Criminal Appeal.
January 6, 1961.

Norman F. Solomon, Miami Beach, for appellant.

Richard E. Gerstein, State Attorney, Joan Elizabeth Odell, Ass't. State Attorney, for appellee.

IRVING CYPEN, Circuit Judge.

The above styled cause came on to be heard before me on appeal from the metropolitan court. The appellant, Frederick W. Shaw, was the defendant in the trial court, and the appellee, Dade County, was the prosecution. The appellant was adjudicated guilty of violating section 19.01 of the Traffic Ordinance of Dade County, which makes it a violation for a person to drive or be in actual physical control of a motor vehicle while under the influence of an intoxicating liquor to the extent that his normal faculties are impaired.

It appears that arresting officers found the appellant slumped behind the wheel of an automobile parked in a parking lot. As the officers approached this vehicle, they observed the appellant's attempt to start the vehicle by turning the car key, which activated the ignition switch. The motor turned over a couple of times, but the engine did not start.

The appellant contended that there was no evidence which proved that he was driving or in actual physical control of a motor vehicle.

It is the opinion of this court that the appellant, in the driver's seat and in a position to control the movements of the vehicle, exercised "actual physical control" over his vehicle when he turned the key in the ignition switch and attempted to set in motion the motive power of the vehicle. State v. Storrs (1933), 105 Vt. 180, 163 Atl. 560; State v. Swift (1939), 125 Conn. 399, 6 Atl. 2d 359.

The judgment of conviction by Metropolitan Court Judge Gerald K. Klein is therefore affirmed.