## State of Vermont v. Donal R. White

[551 A.2d 1204]

No. 87-188

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed August 12, 1988

*Mark T. Cameron, Windsor County Deputy State's Attorney,* White River Junction, for Plaintiff-Appellee.

*Walter M. Morris, Jr., Defender General,* and *Henry Hinton, Appellate Defender,* Montpelier, and *Kevin W. Griffin* of *Welch, Graham and Manby,* White River Junction, for Defendant-Appellant.

**Peck, J.** This is an appeal from a judgment of the District Court, Windsor Circuit, convicting defendant, following a trial by jury, of operating a motor vehicle while under the influence of intoxicating liquor (DUI). 23 V.S.A. § 1201(a)(2). Defendant argues on appeal that the trial court erred when it denied his motion for mistrial, and that appellate delay violated his constitutional rights to due process. We affirm.

On January 26, 1984, defendant was arrested in Bethel, Vermont, for DUI. At trial on June 6, 1984, the prosecution questioned the police officer who arrested defendant as follows:

Q. Is there a standard procedure that you follow when you process a DWI suspect?
A. Yes, there is.
Q. What's the first thing you do?
A. Advise the person of their *Miranda* rights.

Defendant objected to the reference to defendant's receipt of *Miranda* warnings. The court overruled the objection, and the prosecutor continued his line of questioning:

Q. Ed, what did you do next after reading the *Miranda* rights?
A. I placed a phone call to an attorney.

Defendant again objected, and this time the court sustained the objection. No request was made to have the answer stricken; how-

ever, defendant moved for a mistrial. The motion was denied and subsequently defendant was found guilty.

■ Defendant argues that the trial court committed reversible error when it denied his motion for a mistrial. "Motions for mistrial are addressed to the trial court's sound discretion and should not be granted absent a showing of prejudice." *State* v. *Turner*, 145 Vt. 399, 402, 491 A.2d 338, 340 (1985); see *State* v. *Schwanda*, 146 Vt. 230, 232, 499 A.2d 779, 781 (1985). To justify reversal defendant must show that "the court's discretion was either totally withheld or exercised on grounds clearly untenable or unreasonable." *Turner*, 145 Vt. at 402, 491 A.2d at 340.

Upon review of the record we find that, since defendant failed to demonstrate prejudice from the disclosures to the jury that defendant had been read *Miranda* rights and had invoked his right to an attorney, the court properly exercised its discretion to deny the motion for mistrial. See *Schwanda*, 146 Vt. at 232, 499 A.2d at 781-82; cf. *Alderman* v. *Austin*, 695 F.2d 124, 126 (5th Cir. 1983) (harmless error where objectionable testimony is a single reference to defendant's invoking right to an attorney and prosecution refrains from commenting on it again); *Buckingham v. State*, 482 A.2d 327, 334 (Del. 1984) (harmless error where single reference to fact that defendant invoked right to attorney where matter was not pursued by prosecutor or referred to in his argument).

■ Defendant next argues that the nearly three-year delay from the time his notice of appeal was filed to the time the record on appeal was completed constituted an appellate delay that violated his due process rights. In order to establish that excessive appellate delay amounts to a due process violation requiring reversal "defendant must establish . . . that he has been unable to present an adequate appeal because of the delay, or that he will be unable to defend adequately in the event a retrial is ordered." *State v.* Hall, 145 Vt. 299, 307, 487 A.2d 166, 171 (1984).

In this case, defendant agrees that the appellate delay has not affected his ability to present an adequate appeal. Rather, he submits that in the event of a remand he would encounter difficulty in a retrial. Because we affirm the trial court's denial of defendant's motion for mistrial, his due process claim is now moot and must also fail.

*Affirmed.*