## State of Vermont v. Marie L. Abbott

[563 A.2d 640]

No. 87-304

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed June 16, 1989

*John Churchill, Chittenden County Deputy State's Attorney,* Burlington, and *Gary Kessler, Resource Attorney,* Montpelier, for Plaintiff-Appellee.

*James W. Murdoch, Kurt M. Hughes* and *Pamela L. Hall, Legal Assistant (On the Brief),* Burlington, for Defendant-Appellant.

**Dooley, J.** Defendant was convicted of operating a motor vehicle on a highway while under the influence of intoxicating liquor, 23 V.S.A. § 1201(a)(2), and presents two questions on appeal: (1) whether the trial court abused its discretion in denying defendant's motion for a mistrial, and (2) whether it was error for the trial court to deny defendant's motion for judgment of acquittal. The answer to both questions is no, and we therefore affirm.

Defendant was stopped for speeding by a state trooper while traveling north on Vermont Route 116 near the Village of Hines-

burg. The speed limit is fifty miles per hour, and she was clocked at sixty-eight miles per hour.

The trooper began a routine traffic stop. He noticed the smell of intoxicants on defendant's breath and requested that she get out of the car. He then noticed a slight sway to defendant's step, that her eyes were watery and that her pupils were dilated. As a result, he asked her to perform dexterity tests. She could not follow the instructions given by the trooper or perform the tests. Based upon his observations, the trooper brought defendant to the police station for further processing. During the drive to the barracks, he noted the same symptoms of intoxication as he noted at the side of the road. Throughout the entire process, defendant was emotionally distraught.

■ Defendant's first argument is based upon the following testimony of the trooper:

> STATE'S ATTORNEY: Did you notice anything about her as you were taking her back to the station in your car?

> TROOPER: At this point, she was very emotional, bordering on hysterical. She was crying and just didn't want to take the test and that it was going to affect her job; making statements to me about the consequences.

Defendant objected to the testimony because it referred to the blood alcohol test taken by her, the results of which were suppressed prior to trial. She moved for a mistrial.

The court denied the motion for a mistrial but gave a curative instruction. Once the court indicated the course it would follow, defendant requested that the instruction be "that there is no evidence of any kind of refusal hearing." The court then told the jury:

> Members of the jury, please strike in your minds any reference to the test. It's not in this case and not for your consideration, and any part of the answers that you just heard should be completely ignored regarding a test or the refusal thereof. Neither side has to bring in a test, nor is there any evidence that she refused a test. It's not for your consideration, so disregard that one hundred percent.

In *State* v. *Schwanda* we held that "[m]otions for mistrial are addressed to the trial court's sound discretion and should not be

granted absent a showing of prejudice. To justify reversal, an abuse of discretion must be shown." 146 Vt. 230, 232, 499 A.2d 779, 781 (1985) (citations omitted).

This case has features similar to those in two recent cases decided by this Court. In *State* v. *Potter*, 148 Vt. 53, 57, 529 A.2d 163, 166 (1987), a witness referred indirectly to the fact that the defendant may have been in jail at some time immediately prior to the incident in question. The trial court struck the answer and immediately instructed the jury to disregard it. The defendant argued that a mistrial was necessary despite the cautionary instruction. We affirmed the trial court's action, noting that "a prompt, strongly worded admonition to the jury can eliminate the need for a mistrial." *Id.* at 58, 529 A.2d at 166.

In *State* v. *White,* 150 Vt. 255, 551 A.2d 1204 (1988), also a DUI case, the arresting officer testified that he read *Miranda* warnings to defendant and thereafter called an attorney for defendant. This Court, relying on the trial court's discretion in the area and the absence of a clear demonstration of prejudice, affirmed the denial of a mistrial. *Id.* at 257, 551 A.2d at 1205.

As in *White,* we find defendant's prejudice argument to be speculative. Thus, we think this is the type of case described in *Potter* where a prompt, strongly worded curative instruction avoids the need for a mistrial.*

---

* We note that defendant argues the trooper's remarks were an "extraneous influence." In *State* v. *Corey,* 151 Vt. 325, 561 A.2d 87 (1989), a sheriff paced off ninety-two feet in the hallway outside the jury room. This demonstration was done at the request of the jury, apparently so they could assess one of the theories in the case. The trial court found this to be an "extraneous influence" warranting a mistrial and we agreed. *Id.* at 330, 561 A.2d at 90. In *Schwanda* a juror talked with the state's attorney during a recess and with the court reporter after lunch. 146 Vt. at 231, 499 A.2d at 781. While we found this to be the type of "extraneous influence" that could cause a mistrial, we upheld the refusal to grant a mistrial because the conversations were unrelated to the case being considered by the jury. These situations are significantly different than what occurred during the trial in the case at bar.

Here, a witness mentioned the word "test" during his testimony. He did this while on the stand during the course of the trial. The problems posed by an "extraneous influence" were not present. The judge here was in control of the courtroom and the jury at the time and, as we have held, exercised his discretion in response to an immediate motion by defendant's counsel and gave a curative instruction. This situation does not involve an extraneous influence on the jury.

■ Defendant's second argument is that a judgment of acquittal should have been entered because the evidence did not show that defendant *lost* full control of her physical and mental abilities as required by *State* v. *Storrs,* 105 Vt. 180, 185, 163 A. 560, 562 (1933). The argument is based on an erroneous characterization of the *Storrs* test, which is whether a defendant, because of the use of alcohol, "has ceased to *retain* full control over his faculties of mind and body" and is therefore under the influence of alcohol. *Id.* (emphasis added); see also *State* v. *LeBeau,* 144 Vt. 315, 318, 476 A.2d 128, 129 (1984) ("[T]he measure of that loss [of full control] is immaterial."). We conclude, based upon the record, that sufficient evidence was produced to support the jury's verdict of guilt beyond a reasonable doubt under the *Storrs* test. See *State* v. *Norton,* 147 Vt. 223, 229, 514 A.2d 1053, 1058 (1986) (test under V.R.Cr.P. 29(a) is whether, taking evidence in the light most favorable to the State and excluding modifications, it fairly and reasonably tends to show the defendant guilty beyond a reasonable doubt).

In that we find the second argument of defendant to be without merit we do not address the State's argument that the motion for acquittal was not made in a timely fashion.

*Affirmed.*