STATE of Vermont v. James
PITNER

[596 A.2d 344]

No. 88-495

July 3, 1991. The presumption contained in 23 V.S.A. § 1204(a)(1)—that

if there was 0.05 percent or less by weight of alcohol in a person's blood or breath, it shall be presumed that the person was not under the influence of intoxicating liquor—is a rebuttable mandatory presumption rather than an irrebuttable conclusive presumption. See, e.g., *Pigee v. Israel*, 670 F.2d 690, 692–93 (7th Cir.) (comparing "conclusive," "mandatory," and "permissive" presumptions), *cert. denied*, 459 U.S. 846 (1982); *Washington v. Harris*, 502 F. Supp. 1267, 1271–72 (S.D.N.Y. 1980) (same), *cert. denied*, 455 U.S. 951 (1982); see also *Town of Dorset v. Fausett*, 133 Vt. 476, 479–80, 346 A.2d 200, 203 (1975) (presumptions that are evidentiary in nature are rebuttable, not conclusive).

There is nothing in the statutes to indicate that the Legislature intended to allow a driver to be slightly impaired while operating a motor vehicle; rather, the Legislature has attempted to draw a line below which most people would not be mentally or physically impaired. Therefore, § 1204(a)(1) does not invalidate the instruction enunciated in *State v. Storrs*, 105 Vt. 180, 185, 163 A. 560, 562 (1933), which has been repeatedly reaffirmed by this Court. See *State v. Abbott*, 151 Vt. 618, 621, 563 A.2d 640, 642 (1989); *State v. Schmitt*, 150 Vt. 503, 507–08, 554 A.2d 666, 669 (1988).

*Affirmed.*