**STATE of Vermont v. Benjamin J. EMMONS**

[788 A.2d 24]

No. 00-509

October 29, 2001. Defendant Benjamin J. Emmons appeals the Caledonia District Court's determination that defendant was not entitled to present to a jury an affirmative defense, as set forth in 23 V.S.A. § 1201(f), to operating a motor vehicle while under the influence of intoxicating liquor. On appeal, defendant raises two claims: (1) that he was entitled to assert the defense where he was charged with "actual physical control" of a vehicle while under the influence of intoxicating liquor, and (2) that defendant presented evidence sufficient to submit this defense to a jury. We affirm.

The material facts are not in dispute. Acting on information obtained from a reliable source, a St. Johnsbury police officer found defendant asleep behind the wheel of a Chevy Blazer parked in a tavern parking lot. The keys were in the vehicle's ignition, and the vehicle was running. Upon closer inspection, the officer smelled intoxicants and saw that defendant's eyes were bloodshot and watery. After being questioned, defendant explained that he had been drinking with friends that night. Realizing he had had too much to drink, defendant left the tavern and entered the back seat of his vehicle to wait for a ride from a friend. In a half hour's time, defendant became cold and got in the front seat of his truck, where he started the engine to keep warm while waiting for his friends. Some time after that defendant fell asleep or lost consciousness. After taking defendant into custody, the officer searched the vehicle and testified that he found four full bottles of beer and one empty bottle in the front passenger seat. Defendant's tested blood alcohol concentration was 0.142.

In October 1999, defendant was charged with being in actual physical control of a motor vehicle while under the influence of intoxicating liquor, in violation of 23 V.S.A. § 1201(a)(2). Defendant pled not guilty and subsequently obtained counsel. Defendant filed a motion in limine requesting authorization to present to a jury the defense set forth in 23 V.S.A. § 1201(f), which had recently been enacted by the Legislature. After the trial court denied defendant's motion, defendant entered a conditional plea of nolo contendere, reserving the right to appeal the trial court's ruling.

On appeal, defendant contends that he has presented evidence sufficient to avail himself of the defense set forth in § 1201(f), which provides:

> [I]f the state has established a prima facie case with respect to the element of operation, the defendant may assert as an affirmative defense, to be proven by clear and convincing evidence, that the person was not in actual physical control of the vehicle because the person: (1) had no intention of operating the vehicle; and (2) *had not in fact operated the vehicle* in violation of [section 1201(a)].

23 V.S.A. § 1201(f) (emphasis added). Defendant acknowledges that the statutory language literally applies only where the State shows operation, and, in this case, defendant is charged with being in actual physical control of the vehicle, an alternative element under 23 V.S.A. § 1201(a). He argues if the statute is

construed literally the defense will never apply in any case because the State will always charge "actual physical control" rather than operation. The State urges that we apply the plain meaning of the statute and affirm because it did not charge operation in this case.

We decline to reach defendant's argument. Assuming § 1201(f) applies in a prosecution charging actual physical control, defendant must still meet the elements of the defense. Under the second element, if the proffered evidence shows that defendant did in fact operate the vehicle, then he is not entitled to present the defense to the jury. See *State v. Warshow*, 138 Vt. 22, 24-25, 410 A.2d 1000, 1002 (1979).

As applied to motor vehicles, the Legislature and this Court have always defined broadly the term "operation." 23 V.S.A. § 4(24) construes operation "to cover all matters and things connected with the presence and use of motor vehicles on the highway,' whether they be in motion or at rest." And, as early as 1933, in *State v. Storrs*, we held that the mere "turning of the ignition switch and the effect of this upon the self-starter was an operation of the car, since it was a matter or thing connected with its use and presence upon the highway." 105 Vt. 180, 184, 163 A. 560, 562 (1933). Here, defendant has admitted that he started his vehicle, thereby showing that he operated the vehicle.

*Affirmed.*